The STATE of Ohio, Appellee,

v.

BURGE, Appellant.

[Cite as *State v. Burge* (1993), 88 Ohio App.3d 91.]

Court of Appeals of Ohio,
Franklin County.

Nos. 91AP–946, 91AP–1143.

Decided May 27, 1993.

92

*Michael Miller,* Franklin County Prosecuting Attorney, and *Joyce S. Anderson,* Assistant Prosecuting Attorney, for appellee.

*Frank Burge, pro se.*

BOWMAN, Judge.

Appellant, Frank Burge, was convicted on ten counts of engaging in a pattern of corrupt activity and theft in office. Appellant was sentenced to an indefinite sentence of seven to twenty-five years and a $10,000 fine on count one, and a definite sentence of two years on each remaining count to be served consecutively. The trial court additionally fined appellant $3.9 million and ordered the forfeiture of property purchased with the stolen funds.

On direct appeal, this court reversed solely on the basis that the $3.9 million treble damage amount did not reflect the amount the state actually proved appellant had stolen, and remanded to the trial court with instructions to determine the fine in an amount not to exceed the amount of state funds actually proven to have been diverted by appellant. On all other issues, this court affirmed the trial court's judgment of conviction. *State v. Burge* (1992), 82 Ohio App.3d 244, 611 N.E.2d 866.

Appellant, *pro se,* has filed a motion for delayed reconsideration pursuant to *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. In *Murnahan,* the court stated that, where a defendant has set forth a colorable claim of ineffective assistance of appellate counsel, it is unjust that the principle of *res judicata* apply and that, if the time for reconsideration in the court of appeals or direct appeal to the Supreme Court has expired, a defendant may apply for reconsideration in the court of appeals where the errors are alleged to have

occurred. The standard for granting a motion for delayed reconsideration, as set forth in *Murnahan*, is whether there are substantive grounds for relief. The court in *Murnahan* further stated, at 66, 584 N.E.2d at 1209:

"In making such a determination, the court may consider, in addition to the motion and any supporting affidavits, all the files and records pertaining to the proceedings against the defendant that were originally transmitted to the court of appeals."

Appellant assigns as error that his appellate counsel was ineffective in failing to confer and consult with appellant prior to filing the assignments of error, by failing to properly present assignment of error number three, and that appellate counsel failed to assert that appellant had received ineffective assistance of counsel on the basis that trial counsel failed to object at sentencing that the charges against him were allied offenses of similar import.

Appellant does not elaborate on his claims that his appellate counsel did not consult with him prior to presenting the assignments of error and that appellate counsel did not properly assert assignment of error number three. We reject both assertions as appellant has not demonstrated any prejudice arising from any possible errors.

Appellate counsel did assign as error that, because the same set of facts supported the charges of racketeering, theft and theft in office, appellant's conviction violated R.C. 2941.25(A); however, this court determined, pursuant to *State v. Comen* (1990), 50 Ohio St.3d 206, 553 N.E.2d 640, that appellant's failure to raise an objection at trial resulted in a waiver of that claim on appeal. In short, appellant argues that his appellate counsel was ineffective for failing to assert that his trial counsel was ineffective.

In order to demonstrate that counsel's performance was deficient, appellant must show that counsel made errors so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment. Appellant must also show that this deficient performance prejudiced him to such an extent that he was deprived of a fair adjudication. See *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304.

In determining whether appellate counsel was ineffective, this court must determine whether appellate counsel failed to assert a meritorious claim that appellant's trial counsel was ineffective. Thus, we must consider first whether, by failing to object to the counts against appellant as being in violation of R.C. 2941.25(A), thus preserving the issue for appeal, appellant's trial counsel failed to assert a meritorious claim and so was ineffective. Even if either counsel erred in failing to assert a meritorious claim, appellant must demonstrate that counsel's

errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[1] *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

The state argues that appellant received effective assistance from his trial counsel because counsel's failure to object was not plain error, additionally contending that appellant's sentences were proper under R.C. 2923.32(D), engaging in a pattern of corrupt activity, and *State v. Thrower* (1989), 62 Ohio App.3d 359, 575 N.E.2d 863.

R.C. 2923.32(D) provides:

"Criminal penalties under this section are not mutually exclusive, unless otherwise provided, and do not preclude the application of any other criminal or civil remedy under this or any other section of the Revised Code.   * * *"

This provision indicates that a defendant properly may be convicted of and sentenced on both a racketeering charge and upon the predicate offense, in this case theft in office, comprising the element of a corrupt activity.  Moreover, appellant could have committed theft in office without having engaged in a pattern of corrupt activity, and could have engaged in a pattern of corrupt activity without committing theft in office.  The elements of these offenses do not correspond to such a degree that the commission of one results in the commission of the other.  See *Thrower,* 62 Ohio App.3d at 377, 575 N.E.2d at 875.

Appellant admits that the trial court determined that the theft and theft in office counts merged, but argues the court also should have merged the racketeering counts with the theft in office count.  Pursuant to *Thrower,* and to the test for determining the existence of allied offenses of similar import set forth in *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, appellant's argument is not well taken.

Because appellant would not have prevailed on his claim that the charges against him were allied offenses of similar import, appellant did not receive ineffective assistance from his trial or appellate counsel.

█     The question remains whether appellant has asserted a colorable claim of ineffective assistance of appellate counsel.  In *Evitts v. Lucey* (1985), 469 U.S. 387, 394, 105 S.Ct. 830, 835, 83 L.Ed.2d 821, 828, the court stated that counsel:

---

1.  We note that appellant has neglected to provide the file and record as originally submitted to this court.  Although *Murnahan* does not expressly place the burden for providing the file and record upon the appellant, we find that it is incumbent upon the appellant pursuing delayed reconsideration to do so.  In this instance, however, the nature of appellant's argument is such that we may consider it without the file and record being before us.

" * * * [N]eed not advance *every* argument, regardless of merit, urged by the appellant * * *. But the attorney must be available to assist in preparing and submitting a brief to the appellate court * * *, and must play the role of an active advocate, rather than a mere friend of the court assisting in a detached evaluation of the appellant's claim. * * * " (Emphasis *sic.*)

Under all the circumstances of this case, we find that appellant's right to effective assistance of counsel on direct appeal was not violated by his counsel's failure to assert ineffective assistance of trial counsel.

Appellant received a fair trial and substantial justice was done, so that there could have been no merit to an assertion by appellate counsel that trial counsel made errors so serious that he was not functioning as counsel and that this deficient performance prejudiced appellant to such an extent that he was deprived of a fair adjudication.

For the foregoing reasons, we find appellant's motion for delayed reconsideration is not well taken and is overruled.

> *Motion for delayed*
> *reconsideration denied.*

DESHLER, J., concurs.

TYACK, J., concurs separately.

TYACK, Judge, concurring separately.

I agree with the result reached by the other members of the panel but for slightly different reasons.

I do not believe that the statutes contained in R.C. Title 29 provide for merger. What was called "merger" at common law prior to the enactment of the so-called "new criminal code" is now covered by R.C. 2941.25(A), the "multiple counts" statute, which reads:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

Thus, the trial court acted inappropriately in "merging" counts, as opposed to finding that conviction on allied offenses of similar import was barred by the statute.

As to the state RICO charge, at the time of trial, the case law was not clear whether R.C. 2941.25(A) barred convictions of both the underlying offenses and the racketeering allegation. Further, federal case law allowed conviction on both a federal RICO charge and the underlying offenses. As a result, I do not feel

that appellate counsel rendered ineffective assistance of counsel by failing to assert that trial counsel had been ineffective in overlooking R.C. 2941.25(A).

As to the other allegations, conferring and consulting with an appellant is preferable to processing an appeal without such communication. However, failure to consult with the client is not in and of itself a basis for a finding of ineffective assistance of counsel.

As to the assertions regarding the argument as to the third assignment of error set forth in the original appeal, appellant is simply wrong.

Thus, I also would overrule the motion for delayed reconsideration.