OPINION
Appellant, Norman Jason Fadis, was indicted on one count of attempted murder and felonious assault arising from an incident which occurred on March 2, 2000, involving Kimyotta Miller.
Miller testified that she had met appellant through her boyfriend, Herb Allen. Miller had never been intimate or romantically involved with appellant; however, around December 1999, appellant had indicated he wanted to be more than friends with her. On March 2, 2000, appellant arrived at her apartment shortly after midnight and wanted Miller to come outside to talk to him. When she refused, he started blowing his car horn and yelling for her to come outside. Allen was at Miller's apartment and went outside to talk to appellant and eventually Miller went outside and attempted to calm appellant down. Allen left and walked to a nearby gas station to buy some cigarettes. Miller testified that appellant had a gun inside the van and stated that he could kill Allen and put a clip in the gun. Miller yelled at Allen and then went inside.
Appellant then knocked on her door again and said he wanted to retrieve some of his CDs, which were upstairs. As Miller went upstairs, appellant grabbed her, they had a confrontation and appellant pinned her against the wall. Miller testified appellant was yelling at her, telling her he would kill her and she was stupid for being with Allen. Miller was able to get away from appellant and ran up the stairs to get his CDs. She also placed a box cutter in her pocket.
Miller testified that, when she went downstairs, she asked appellant to leave but he refused, so she walked around him towards the kitchen to call the police. He noticed the box cutter and asked if she was going to cut him. When she replied no, and turned to continue to the kitchen, he slashed her neck. Miller required fifteen stitches and the cut was a fraction of an inch away from the jugular vein and close to the carotid artery. If the cut had been to either of those, the injury would have likely ended in death.
Appellant testified to a different version of the facts. He stated that Allen and Miller had ended their relationship before November 23, 1999, because he and Miller started having a relationship at that time and he ended up spending almost every night at Miller's house. Just prior to March 2, 2000, Miller had asked him to stop spending the night but they still spent the days together. On March 2, he wanted to retrieve some CDs so he arrived at Miller's house shortly after midnight. Miller opened a window and told him she did not want to open the door because Allen was there. Appellant walked back to his van and Allen came outside yelling at him. Then Miller ran outside and started yelling at appellant. Allen then left and Miller told appellant he could get his things but, when they went inside, she started yelling at him again that she needed him to be involved with her and to take care of things.
Appellant then testified that Miller went to the top of the stairs and got a gun but she did not brandish the gun. Miller started throwing things down the stairs and he saw she had a box cutter in her hand. He testified that he did not think she would cut him but he felt threatened. At that point, he picked up some of his things and left, and started to call 9-1-1 from inside his van in an effort to get the police to help him retrieve his things; however, his phone battery died and his call was disconnected. The police stopped him shortly thereafter while he was on the way to a friend's house.
After a jury trial, appellant was found not guilty of attempted murder but guilty of felonious assault. He was sentenced to seven years of imprisonment. Appellant filed a notice of appeal and raises the following assignments of error:
 FIRST ASSIGNMENT OF ERROR: The court erroneously overruled a defense objection to hearsay testimony concerning an alleged wrongful act by appellant.
 SECOND ASSIGNMENT OF ERROR: The court erroneously refused to instruct the jury on aggravated assault as an offense of lesser degree to felonious assault.
 THIRD ASSIGNMENT OF ERROR: Appellant's conviction was not supported by the evidence in that (1) the evidence was insufficient, (2) conviction was against the manifest weight of the evidence, and (3) the court erroneously overruled appellant's motion for acquittal pursuant to Crim.R. 29.
 FOURTH ASSIGNMENT OF ERROR: At the sentencing hearing the court failed to state findings supporting the imposition of more than the minimum prison term for a first offender.
By the first assignment of error, appellant contends that the trial court erred in overruling his objection to hearsay testimony concerning an alleged wrongful act by him. During cross-examination, appellant was asked if, while this action was pending, he had gone to Miller's house and kicked and broken the door. He denied doing so. Defense counsel did not object to this testimony but did object when the prosecution attempted to rebut his denial with the testimony of Miller's grandmother. Miller's grandmother was permitted to testify that Miller had called her and was hysterical, nervous, crying and emotional, and told her that appellant had just kicked in her door. Defense counsel objected on the basis of hearsay. The trial court admitted the evidence as an excited utterance.
Appellant argues that, even if the evidence constitutes an excited utterance, the evidence is still inadmissible, pursuant to Evid.R. 404(B), prohibiting other acts evidence. However, appellant only objected to this evidence on the basis of hearsay. It is well settled that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived. State v. Burge (1993), 88 Ohio App.3d 91, 93, citing State v. Comen (1990),50 Ohio St.3d 206, 211. Even a constitutional issue may be waived if it is not properly raised. In re M.D. (1988), 38 Ohio St.3d 149.
Even if appellant had objected to the evidence on the basis of Evid.R. 404(B) and preserved the issue for appeal, the evidence is admissible. The trial court has broad discretion in the admission or exclusion of evidence and, in the absence of an abuse of discretion which results in material prejudice to a defendant, an appellate court should be slow to reverse evidentiary rulings. Krischbaum v. Dillon (1991),58 Ohio St.3d 58, 66. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 401. Evid.R. 402 provides that all relevant evidence is admissible. Even if the evidence is relevant, it must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury or confusion of the issues. Evid.R. 403(A); State v. Whiteside (Mar. 12, 1996), Franklin App. No. 95APA08-1092, unreported, at 3. Here, the trial court found the evidence relevant because the defense had provided evidence that Miller and appellant maintained a close relationship even after the March 2, 2000 incident and, according to appellant, they had planned to marry. The testimony presented by Miller's grandmother was used as rebuttal evidence.
Moreover, the trial court properly applied Evid.R. 803(2). Evid.R. 803(2) provides that certain evidence is not excluded by the hearsay rule, even though the declarant is available as a witness. One of those categories includes an excited utterance, which is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." In paragraph two of the syllabus of Potter v. Baker (1955), 162 Ohio St. 488, the Supreme Court of Ohio provided a four-part test for the admission of evidence as an excited utterance, as follows:
 Such testimony as to a statement or declaration may be admissible under an exception to the hearsay rule for spontaneous exclamations where the trial judge reasonably finds (a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective, (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, (c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration. [Emphasis sic.]
As stated above, the determination of whether a hearsay declaration should be admitted as an excited utterance is a matter within the discretion of the trial court. Roach v. Roach (1992), 79 Ohio App.3d 194,205. The trial court found that appellant breaking Miller's door was an occurrence startling enough to produce a nervous excitement in Miller, and her grandmother testified that Miller was hysterical, nervous, crying and emotional, and that such constituted nervous excitement created by the startling occurrence. Thus, we find the trial court did not abuse its discretion in admitting the evidence under the excited utterance exception. Appellant's first assignment of error is not well-taken.
By the second assignment of error, appellant contends that the trial court erred in refusing to instruct the jury on aggravated assault as an offense of a lesser degree to felonious assault. Pursuant to former R.C. 2903.11 in effect at the time of the crime, "(A) No person shall knowingly: * * * (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or ordnance, as defined in section 2923.11 of the Revised Code."
R.C. 2903.12 defines aggravated assault as follows:
 (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought in by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
* * *
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
In State v. Deem (1988), 40 Ohio St.3d 205, paragraph five of the syllabus, the Supreme Court of Ohio defined serious provocation, as follows:
 Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time. * * *
In State v. Shane (1992), 63 Ohio St.3d 630, 634, the Supreme Court of Ohio determined that:
 An inquiry into the mitigating circumstances of provocation must be broken down into both objective and subjective components. In determining whether the provocation is reasonably sufficient to bring on sudden passion or a sudden fit of rage, an objective standard must be applied. Then, if that standard is met, the inquiry shifts to the subjective component of whether this actor, in this particular case, actually was under the influence of sudden passion or in a sudden fit of rage. * * *
Here, appellant testified that he did not cut Miller. He stated that she had not been cut when he left the apartment. Therefore, appellant denied acting knowingly and even denied acting at all. Appellant cannot deny that he acted in any manner and also claim that he acted under serious provocation. These theories are inconsistent.
Assuming arguendo, appellant's requested instruction was not inconsistent with his defense, in examining the evidence, we find there is insufficient evidence of serious provocation. Appellant testified that Miller had a gun but she did not brandish it. He also testified that she had a box cutter but he did not think she would cut him with it. Finally, although he testified that she walked towards him while possessing the box cutter and he felt "threatened," appellant testified on cross-examination:
 Q. You were driving away from Esquire in your minivan and you called 9-1-1 because you felt like you were threatened?
 A. For some police assistance, not because I felt like I was threatened.
 Q. And the police assistance was for what purpose, to get your stuff?
A. Yeah. [Tr. 154-155.]
Thus, appellant has not met the standards for the provocation to be reasonably sufficient to bring on sudden passion or a sudden fit of rage, and the trial court did not err in refusing to give a jury instruction on the lesser-degree offense of aggravated assault. Appellant's second assignment of error is not well-taken.
By the third assignment of error, appellant contends that the trial court erred because the evidence was insufficient, the conviction was against the manifest weight of the evidence, and the court should not have overruled his motion for acquittal pursuant to Crim.R. 29. The standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins (1997),78 Ohio St.3d 380, 386.
The test for determining whether a conviction is against the manifest weight of the evidence differs somewhat from the test as to whether there is sufficient evidence to support the conviction. With respect to manifest weight, the evidence is not construed most strongly in favor of the prosecution, but the court engages in a limited weighing of the evidence to determine whether there is sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. See State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported (1993 Opinions 5437.)
 * * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' (Emphasis added.) Black's [Law Dictionary (6 Ed. 1990)] at 1594). [Thompkins, at 387.]
In this case, while viewing the evidence in a light most favorable to the prosecution, there is sufficient evidence for any rational trier of fact to have found the essential elements of the crimes proven beyond a reasonable doubt. Miller testified that appellant grabbed her and they had a confrontation as she attempted to walk up the stairs and retrieve appellant's CDs and appellant had her pinned against the wall. Appellant was yelling at her and telling her he would kill her and she was stupid for being with Allen. Miller was able to get away from appellant and ran up the stairs to get his CDs. She also placed a box cutter in her pocket. When she went downstairs, she asked him to leave but he refused, so she walked around him towards the kitchen to call the police. He noticed the box cutter and asked if she was going to cut him. When she replied no, and turned to continue to the kitchen, he slashed her neck.
Appellant contends that the evidence is insufficient because Miller did provide a credible account as to how appellant came into possession of the box cutter; however, the jury can infer from Miller's testimony that appellant saw the box cutter in her pocket when she turned to go into the kitchen and took it. The fact that Miller did not expressly testify as to how appellant took the box cutter does not render Miller's testimony unworthy of belief. Appellant also argues that Miller's testimony was impeached since he provided testimony that she spent time with him after the incident; however, Miller testified that she attempted to stay away from appellant and asked him not to come over to her apartment but he violated a restraining order to spend time with her. She also testified that she had to deal with him because her previous rejection of him resulted in her throat being cut. Although appellant's testimony differed from Miller's testimony, the existence of conflicting evidence does not render the evidence insufficient as a matter of law. State v. Murphy (2001), 91 Ohio St.3d 516, 543. Miller's testimony, along with the other corroborating evidence, was sufficient for any rational trier of fact to have found the essential elements of the crimes proven beyond a reasonable doubt.
There is also sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. The jury did not believe appellant when he denied committing the crimes and found him guilty. The weight to be given to the evidence and the credibility of the witnesses is primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
Appellant also argues that the trial court erred in overruling his Crim.R. 29 motion for acquittal. Crim.R. 29(A) provides, as follows:
 The court * * * shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *
When reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, a reviewing court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. State v. Thompson (1998), 127 Ohio App.3d 511,525. As discussed above, we find the evidence was sufficient to support the conviction. The trial court did not err in denying appellant's Crim.R. 29 motions. Appellant's third assignment of error is not well-taken.
By the fourth assignment of error, appellant contends that the trial court erred in failing to state findings supporting the imposition of more than the minimum prison term for a first offender. Former R.C.2929.14(B), in effect at the time of the offense, provided that a trial court shall impose a sentence upon an offender who has not previously served a prison term which is the shortest prison term authorized for that offense, unless the court finds on the record that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." In State v. Edmonson (1999), 86 Ohio St.3d 324, the Supreme Court of Ohio found, although a trial court is not required to state its reasons for its findings, the statute does require that, unless a court imposes the minimum sentence, the record of the sentencing hearing must reflect that the court found either or both of the two statutorily sanctioned reasons for exceeding the minimum term.
Appellant had not previously served a prison term; however, the trial court did sentence appellant to a concurrent sentence on a burglary charge to which he pled guilty. The record of the sentencing hearing reflects the following, at 245-246:
 THE COURT: Mr. Fadis, this Court sat through the trial, heard the evidence. I believe the prosecutor's version of events there with respect to the statement is accurate. I mean, there's no question that there's no genuine remorse. Basically, you've denied the incident. This Court thought there was overwhelming evidence that you did perform the conduct here which resulted in the felonious assault guilty verdict. You came very, very close to having a murder charge on your hands. In accordance with the medical testimony, it was just a matter of a very small space where you would have had a murder charge. It was a very serious incident when you take a box cutter to somebody's throat. It was an attempt to cause and you did cause serious physical harm. I do think it's one of the worst forms of the offense, one that came that close to death with that type of weapon. And not only that, in the testimony, description of what occurred, there were threats accompanying this act during interplay between you and the victim leading up to the incident. And there is a prior burglary here, committed prior in time for which there's a guilty plea here today I have to concern myself with, which is not somebody who's exactly coming into this incident with clean hands.
The court did not make the required finding that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. The prosecution argues that the trial court made a more demanding finding by finding it was one of the worst forms of the offense; however, this finding pertains to a court's decision to impose the longest prison term upon an offender pursuant to R.C. 2929.14(C). Appellant's fourth assignment of error is well-taken to this extent.
For the foregoing reasons, appellant's first, second and third assignments of error are overruled, and the fourth assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for resentencing.
Judgment affirmed in part and reversed in part, cause remanded for resentencing.
BRYANT and BROWN, JJ., concur.