OPINION
{¶ 1} Scott Molk ("appellant") appeals the judgment of conviction by the Mentor Municipal Court. The trial court's judgment was entered upon a jury's verdict finding appellant guilty of driving while under the influence of alcohol, a violation of R.C. 4511.19(A)(1). For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On March 22, 2001, at approximately 12:45 a.m., appellant was a passenger in a vehicle whose driver was arrested for driving under the influence of alcohol. As the vehicle appellant was riding in was towed, Mentor Police Officer Covell offered to take appellant home, but appellant stated that he wanted to return to a local bar called Safe Crackers. Prior to returning appellant to Safe Crackers, Officer Covell noticed appellant "had a strong odor of alcoholic beverage coming off his breath, he was slow and mumbled in speech, his eyes were glassy, he was unbalanced and uncoordinated." Subsequently, appellant was returned to Safe Crackers by Officer Covell, who advised appellant several times not to drive that morning because it appeared appellant was under the influence of alcohol. Appellant failed to take the officer's advice. At approximately 1:30 a.m. that same morning, appellant was stopped, arrested, and charged with driving under the influence of alcohol by Mentor Police Officer Sutton.
 {¶ 3} The record indicates that appellant was initially pulled over for a speeding violation, as well as a smoking exhaust, both violations of Mentor City Ordinances. However, when Officer Sutton approached appellant to ask him for his driver's license, he noticed the strong odor of an alcoholic beverage emanating from appellant. Officer Sutton also observed appellant's glassy eyes and slurred speech as he surrendered his license. Subsequently, in accordance with Mentor Police Department policy, Officer Covell arrived on the scene to provide backup to Officer Sutton during the stop. Upon arriving at the scene, Officer Covell advised Officer Sutton that he had taken appellant back to Safe Crackers earlier that morning and that he also felt appellant was exhibiting signs of intoxication. Based on his personal observations and those of Officer Covell, Officer Sutton asked appellant if he would submit to some field sobriety tests. At the insistence of appellant's brother, who was a passenger in appellant's vehicle, appellant refused to do so. Appellant was then placed under arrest and charged with driving under the influence of alcohol. The record also indicates that appellant refused to take a Breathalyzer test once he arrived at the police station.
 {¶ 4} Appellant subsequently filed a Motion to Suppress and a hearing was held on May 21, 2001. At the hearing, appellant argued that he was not speeding and that Officer Sutton had no probable cause to place him under arrest. Based on the evidence presented at the hearing, the trial court denied appellant's motion to suppress. On July 5, 2001, a jury trial was held in which appellant was convicted of driving under the influence, in violation of R.C. 4511.19(A)(1). The trial court's imposition of sentence was stayed pending an appeal. This appeal followed, and appellant asserts two assignments of error for our review:
 {¶ 5} "[1.] The Trial Court committed reversible error by concluding the arresting officer had "probable cause" to stop the Appellant's vehicle on March 22, 2001.
 {¶ 6} "[2.] The Trial Court committed reversible error by concluding the arresting officer had probable cause to believe Appellant was driving a motor vehicle while under the influence of alcohol."
 {¶ 7} As appellant's assignments of error are closely related, we proceed to address them collectively.
 {¶ 8} Appellant first argues that the "trial court erred in not suppressing all evidence obtained as a result of the unlawful traffic stop." Appellant further claims that Officer Sutton did not have a "reasonable, articulable suspicion that appellant had violated any traffic laws."
 {¶ 9} At a hearing on a motion to suppress, a trial court, functioning as the trier of fact, is in the best position to evaluate the evidence, judge the credibility of the witnesses, and resolve the factual issues. State v. Mills (1992), 62 Ohio St.3d 357, 366. When reviewing a trial court's ruling on a motion to suppress, an appellate court is bound to accept the trial court's factual determinations if they are supported by competent and credible evidence. State v. Searls (1997),118 Ohio App.3d 739, 741. Once an appellate court accepts the trial court's factual determinations as true, the appellate court must conduct a de novo review of the trial court's application of the law to those facts. Id.
 {¶ 10} The record indicates that appellant's brother, Officer Sutton, and Officer Covell testified at the suppression hearing. After considering the evidence presented at the suppression hearing, the trial court made the following findings of fact: "(1) Mentor Police Officer Patrolman Sutton and Patrolman Covell saw defendant driving on Mentor Avenue near Acacia in Mentor about 1:20 A.M. on March 22, 2001. One observed the defendant's speed to be faster than the posted speed limit. (2) The other officer followed the Defendant * * *. He observed smoke from defendant's vehicle's exhaust system. Speeds at various time [sic] faster than speed limit and direction signals were used. (3) After defendant was pulled over, officer observed some signs of alcohol in defendant's behavior as well as condition. At defendant's brothers [sic] insistence, defendant refused to take alcohol influence performance tests as well as refusing [sic] to take the breath test at police station later on. (4) The defendant was charged with driving under the influence."
 {¶ 11} In response to the trial court's findings of fact, appellant questions the credibility of the testimony supplied by Officers Covell and Sutton. In his brief, appellant attempts to prove, through intricate mathematical calculations, that Officer Sutton's testimony does not support the trial court's finding that appellant was speeding. While we admire appellant's efforts in this regard, the record indicates that appellant failed to raise the mathematical issue before the trial court. It is well settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived. State v. Burge (1993), 88 Ohio App.3d 91, 93, citing State v.Comen (1990), 50 Ohio St.3d 206, 211. As appellant failed to argue the issue of mathematical calculations before the trial court, it is deemed waived for purposes of this appeal.
 {¶ 12} Our review of the record reveals both Officer Covell and Officer Sutton testified at the suppression hearing that appellant exhibited signs of intoxication on March 22, 2001. Officer Covell also testified that prior to the stop, he observed erratic driving on behalf of appellant. Officer Sutton testified that he observed an excessive amount of smoke coming from appellant's exhaust and that he subsequently clocked appellant's speed at 38 miles per hour in a 25 miles per hour zone. In response, appellant recycles the argument that Officer Sutton's testimony lacks credibility. We disagree with appellant.
 {¶ 13} The record indicates Officer Sutton testified that at the beginning and end of his shift, Officer Sutton performed both "internal and external calibration tests" on his radar unit. Officer Sutton further testified that the radar unit "tested true" both at the beginning and end of his shift. We also note that appellant offered no objections to Officer Sutton's testimony regarding the calibration of his radar unit at the suppression hearing. Furthermore, once appellant had been stopped, Officer Sutton noted appellant's glassy eyes, slouched posture, and lack of coordination. Additionally, both officers testified that appellant's brother instructed appellant to refuse to submit to any field sobriety tests. To this point, appellant has failed to provide any evidence that would refute the credibility of Officer Sutton's testimony.
 {¶ 14} The only witness to testify on appellant's behalf at the suppression hearing was appellant's brother. As a passenger in the vehicle that morning, appellant's brother alleged that appellant did not violate any traffic laws. However, appellant's brother also admitted on the record that he had consumed "five or six beers" that morning and when asked if he was under the influence of alcohol that morning, appellant's brother responded: "Me, yeah." Taking into account the testimony presented at the suppression hearing, along with appellant's failure to refute such evidence, it is clear to this court that the trial court's findings of fact were supported by competent, credible evidence, and thus will be accepted as true by this court for purposes of review.
 {¶ 15} The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop an individual, provided the officer has the requisite reasonable suspicion, based upon specific and articulable facts, that a crime has occurred or is imminent.State v. Gedeon (1992), 81 Ohio App.3d 617, 618, citing Terry v. Ohio
(1968), 392 U.S. 1; see, also, Maumee v. Weisner (1999), 87 Ohio St.3d 295,296. Additionally, this court has held that any traffic violation, even a minor traffic violation, witnessed by a police officer is, standing alone, sufficient grounds to stop the vehicle observed violating the ordinance. State v. Cosari (Mar. 30, 2001), 11th Dist. No. 99-P-0120, 2001 Ohio App. LEXIS 1562, at 6; State v. Burdick (May 26, 2000), 11th Dist. No. 98-G-2209, 2000 Ohio App. LEXIS 2264, at 13; State v. Yemma
(Aug. 9, 1996), 11th Dist. No. 95-P-0156, 1996 Ohio App. LEXIS 3361, at 8. Once an officer has stopped a vehicle for a minor traffic offense and begins the process of obtaining the offender's license and registration, the officer may proceed to investigate the detainee for driving under the influence if there exists reasonable suspicion that the detainee may be intoxicated based on specific and articulable facts. Burdick, supra, at 13-14, citing Yemma, supra, at 6-8.
 {¶ 16} As mentioned above, Officer Sutton testified that he observed an excessive amount of smoke coming from appellant's exhaust. In fact, Officer Sutton testified that he observed smoke "pouring out" of appellant's exhaust. Excessive smoke coming from an exhaust is a violation of Mentor City Ordinance 72.17. Officer Sutton also testified that he clocked appellant's vehicle on his stationary radar speeding at 38 miles per hour in a 25 miles per hour zone. Speeding is a violation of Mentor City Ordinance 73.01. As those are both violations of Mentor City Traffic Ordinances, we hold, that under Cosari and Gedeon, appellant's traffic violations surpassed the fundamental requirement of a reasonable, articulable suspicion, giving Officer Sutton probable cause with which to stop appellant's vehicle. See Beck v. Ohio (1964), 379 U.S. 89, 91. Furthermore, we find it important to note, that, even if appellant had been able to contradict Officer Sutton's testimony with regards to the speeding violation, Officer Sutton would still have had probable cause to initiate a stop due to appellant's smoking exhaust violation.
 {¶ 17} Our previous analysis also indicates that Officer Sutton had a reasonable and articulable suspicion to investigate appellant for driving under the influence of alcohol after the initial traffic stop. Thus, the only remaining argument raised by appellant is whether Officer Sutton had probable cause to arrest appellant for driving under the influence. To this we answer in the affirmative.
 {¶ 18} In determining whether the police had probable cause to arrest appellant for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. Beck v. Ohio (1964), 379 U.S. 89, 91; State v. Timson (1974),38 Ohio St.2d 122, 127. In making this determination, we will examine the "totality" of facts and circumstances surrounding the arrest. See Statev. Miller (1997), 117 Ohio App.3d 750, 761; State v. Brandenburg (1987),41 Ohio App.3d 109, 111. Also, the mere odor of alcohol, glassy eyes, slurred speech, and/or other indicia of the use of alcohol, by a driver are, in and of themselves, insufficient to constitute probable cause to arrest; however, based on the totality of the circumstances surrounding an arrest, probable cause may exist beyond the mere appearance of drunkenness. City of Eastlake v. Pavlisin, 11th Dist. No. 2001-L-207, 2002-Ohio-4702, at 2.
 {¶ 19} The record before us indicates that prior to being stopped by Officer Sutton, Officer Covell observed that appellant "braked rather hard and went over the broken white line halfway into the center lane and then came back up into the curb lane." Also, both officers testified that appellant was slouched over in his seat, used vulgar, abusive language, and that once he exited the vehicle; appellant had trouble maintaining his balance. In fact, Officer Covell testified that: "as appellant exited the vehicle he was still staggered, unbalanced, he fell into the side of the vehicle a couple times, he kind of staggered into the side of the car a couple times as he walked back to the rear." Officer Covell also testified that: "he was very slurred in speech, was swearing at me. * * *. He called me a fucking mutt." The record indicates that appellant also stated that: "he was not going to take any tests." Appellant's refusal to submit to field sobriety tests is another factor that may be considered in determining the existence of probable cause in an arrest for driving under the influence of alcohol. State v. Arnold (Sept. 7, 1999), 12th Dist. No. CA99-02-026, 1999 Ohio App. LEXIS 4159; Statev. Buehl (Jan. 26, 2000), 9th Dist. No. 19469, 2000 Ohio App. LEXIS 155, (Defendant's refusal to submit to field sobriety tests was properly considered as evidence that he had been driving under the influence.)
 {¶ 20} When the officers' testimony of appellant's erratic driving, physical instability, and abusive behavior is coupled with the observations noted in our previous analysis, it becomes apparent that the totality of the circumstances indicate Officer Sutton had probable cause to arrest appellant for driving under the influence of alcohol. Appellant's second assignment of error is also without merit.
 {¶ 21} We hold that appellant's first and second assignments of error are not well taken and without merit. For the foregoing reasons, the decision of the trial court in this matter is affirmed.
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., concur.