[Cite as *State v. McCuller*, 2013-Ohio-1351.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   99045

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES D. McCULLER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-048254, CR-048919, and CR-052011

**BEFORE:**   E.A. Gallagher, J., Keough, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   April 4, 2013

**FOR APPELLANT**

Charles D. McCuller, pro se
Inmate #482-821
Grafton Correctional Institution
2500 S. Avon Belden Rd.
Grafton, Ohio   44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Daniel T. Van
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant Charles D. McCuller appeals pro se from the judgment of the trial court denying his motion to vacate a void sentence. McCuller argues that the trial court erred in failing to include jail-time credit in its sentencing journal entry and that the state of Ohio violated his constitutional protections against double jeopardy. Finding no merit to the instant appeal, we affirm the judgment of the trial court.

{¶3} The instant appeal covers three separate convictions in the lower court: CR-048254, in which the court sentenced McCuller to 5-15 years for attempted rape and felonious assault; CR-048919, where the trial court sentenced McCuller to 7-25 years for one count of rape; and CR-052011 in which the trial court sentenced McCuller to 7-25 years on one count of rape. McCuller did not directly appeal any of the three convictions.

{¶4} On March 27, 1996, the trial court granted McCuller's motion for jail-time credit and credited him with 79 days in CR-052011, 91 days in CR-048254 and 89 days in CR-048919. Years later, on June 21, 2010, McCuller moved the trial court to vacate

a void sentence. The basis for McCuller's motion was the trial court's initial failure to credit him with his time of pretrial confinement in its original sentencing entries. The state opposed the motion and, on September 11, 2012, the trial court denied McCuller's motion.

{¶5} McCuller appeals, raising the following two assignments of error:

Assignment of Error I

The trial court erred by not including jail-time credit in its sentencing journal Entry contrary to statutory mandates.

Assignment of Error II

The Trial Court erred to the prejudice of Defendant-Appellant and in violation of Defendant-Appellant's [sic] [to] not be twice put in jeopardy conferred by Article I, Section 10 of the Constitution of the State of Ohio and the Fifth and the Fourteenth Amendments to the United States Constitution, which as a result the trial court lacked subject matter jurisdiction in the Second Instance.

{¶6} In his first assigned error, McCuller argues that his originally imposed sentences were void because they did not contain credit for pretrial confinement. We disagree. In *Trice v. Dept. of Rehab. & Corr.,* Ct. of Cl. No. 2007-04028, 2007-Ohio-5162, the Ohio Court of Claims reviewed the prior and current versions of Crim.R. 32.2, Ohio Adm. Code 5120-2-04(B) and R.C. 2967.191, 2949.08(C), and 2949.12, which provide for the mandatory crediting of pretrial confinement. Upon reviewing the above-mentioned code sections, the court determined "that the omission of a finding of jail-time credit does not render plaintiff's sentencing entry void * * *." *Id.* Further, any alleged error in failing to credit McCuller with his earned jail time was

corrected in the ruling on McCuller's own motion in 1996.

{¶7} McCuller did not appeal the lack of jail-time credit via direct appeal after his original sentence was imposed nor did he appeal the court's 1996 nunc pro tunc journal entry crediting him with his days of confinement.

{¶8} In his second assigned error, McCuller improperly raises new issues for the first time that were not previously raised for consideration before the trial court. In his appellate brief, McCuller argues, for the first time, that the adjudicatory hearing held in juvenile court prior to his transfer to the general division violated the state of Ohio and United States Constitutions' protections against double jeopardy.

{¶9} Because McCuller did not raise these issues in the trial court, these arguments have been waived. *See State v. Gripper*, 10th Dist. No. 10AP-1186, 2011-Ohio-3656, ¶11, citing *State v. Burge*, 88 Ohio App.3d 91, 93, 623 N.E.2d 146 (10th Dist.1993); *State v. Comen*, 50 Ohio St.3d 206, 211, 553 N.E.2d 640 (1990). Therefore, we find McCuller waived the second argument that he now attempts to make because it was not raised in the trial court.

{¶10} McCuller's first and second assignments of error are overruled.

{¶11} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR