DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court upon the timely application of appellant, Rex Warden, for reopening his appeal pursuant to App.R. 26(B). Appellant seeks to reopen his appeal decided by this court on November 24, 2004. In that judgment, we affirmed the trial court's judgment sentencing appellant following his conviction of two counts of trafficking in cocaine and one count of engaging in a pattern of corrupt activity. Also before the court is appellant's motion for leave to file an affidavit in support of his application, which is granted instanter. Upon due consideration of the application, we grant appellant's request to reopen his appeal.
 {¶ 2} The Ohio Supreme Court first authorized the filing of a motion for delayed reconsideration in the court of appeals, to assert a claim of ineffective assistance of appellate counsel, in State v. Murnahan
(1992), 63 Ohio St.3d 60, at paragraphs two and three of the syllabus. App.R. 26(B) was promulgated to govern the procedure for filing an application to reopen an appeal. Pursuant to the rule, a defendant may petition the court to reopen a prior appeal on the ground that he was denied effective assistance of appellate counsel. The application must be granted if there is a genuine issue as to whether he had a colorable claim of ineffective assistance of counsel on appeal. The twoprong test developed in Strickland v. Washington (1984), 466 U.S. 668, 687, for determining whether counsel rendered ineffective assistance of counsel, is also the standard for determining whether an appellant has presented a genuine issue of a colorable claim of ineffective assistance of counsel that would mandate reopening his appeal. State v. Smith, 95 Ohio St.3d 127,2002-Ohio-1753, at ¶ 7, certiorari denied (2002), 537 U.S. 951. Therefore, we "* * * must first determine whether appellate counsel's performance was deficient and then determine whether that deficiency prejudiced the outcome of the appeal." State v. Reed (1996),74 Ohio St.3d 534, 535. An appellant can demonstrate prejudice by demonstrating that had his claims been properly presented, there was a reasonable probability that they would have been successful. State v.Goff, 98 Ohio St.3d 327, 328, 2003-Ohio-1017, citing State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph three of the syllabus, certiorari denied (1990), 497 U.S. 1011.
 {¶ 3} Appellant presents the following three issues that he believes should have been presented in his direct appeal:
 {¶ 4} "I. It constituted ineffective assistance on the part of appellant's trial counsel not to have made a motion to dismiss count four for failure to state an offense.
 {¶ 5} "II. It constituted ineffective assistance on the part of appellant's trial counsel not to move for acquittal at the conclusion of the state's case on the basis that the expert chemist did not properly establish that the substances analyzed were cocaine.
 {¶ 6} "III. Imposition of consecutive sentences was contrary to law and unsupported by the record."
 {¶ 7} In his first two proposed assignments of error appellant challenges that his trial counsel rendered ineffective assistance. However, only claims of ineffective assistance of appellate counsel may be asserted in an application to reopen an appeal under App.R. 26(B). To the extent that appellant intended to assert that his appellate counsel rendered ineffective assistance by failing to assert that appellant's trial counsel had rendered ineffective assistance, we will address the issues raised.
 {¶ 8} In his first proposed assignment of error, appellant contends that his trial counsel should have filed a motion to dismiss Count 4 of the complaint for failure to state an offense because it did not include the predicate offenses that constitute a "pattern" of corrupt activity. We have already addressed and rejected this claim in the direct appeal. Therefore, this issue cannot be the basis for reopening the appeal.
 {¶ 9} In his second proposed assignment of error, appellant contends that the testimony of the prosecution's expert chemist was not sufficient to establish that the substance involved in this case was cocaine because he did not state his conclusions in terms of a reasonable scientific certainty or some other equivalent term. Therefore, he argues that his trial counsel should have moved for an acquittal on the first two counts of the indictment.
 {¶ 10} The prosecution introduced into evidence the lab reports from the Drug Enforcement Regional Laboratory which state that the substance involved in this case was cocaine. This document is prima facie evidence that the substance was cocaine unless the defense demanded that the person who signed the report testify at trial. R.C. 2925.51(A) and (C). Appellant has not indicated in his motion that there is any basis for concluding that this report could not qualify as prima facie evidence.
 {¶ 11} Therefore, this proposed assignment of error cannot be the basis for reopening the appeal.
 {¶ 12} In his third proposed assignment of error, appellant contends that his appellate counsel failed to argue that the trial court erred as a matter of law in sentencing appellant. Appellant contends that the trial court failed to state the reasons supporting the statutory findings relating to the imposition of consecutive sentences. Included with appellant's application is the affidavit of his appellate counsel who attests that he rendered ineffective assistance by failing to raise this issue if the record supports appellant's contentions.
 {¶ 13} The Ohio Supreme Court has interpreted R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) as requiring that a court ordering consecutive sentences must not only make the findings required by R.C. 2929.14, but give its reasons for the findings. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 20. In order to permit meaningful appellate review, the "* * * trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Id. at ¶ 21.
 {¶ 14} Upon a review of the sentencing transcript, we conclude that appellant has presented a genuine issue as to whether his appellate counsel rendered ineffective assistance by failing to assign as error that appellant's sentence was unlawful for the reasons discussed above. Furthermore, we find that had he done so, there is a reasonable probability that the outcome of the appeal would have been different. Therefore, this appeal must be reopened so that the issue of the lawfulness of appellant's sentence may be addressed.
 {¶ 15} Appellant's application is granted and this appeal is ordered to be reopened. The clerk of the Court of Appeals is ordered to file the record within 10 days of the date of this decision and appellant is ordered to file his brief within 20 days of the date that the record is filed.
Application Granted.
Handwork, J., Pietrykowski, J., Skow, J. Concur.