DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court following our decision and judgment entry granting the application of appellant, Rex Warden, to reopen his direct appeal pursuant to App.R. 26(B). For the reason that follows, the order of the trial court imposing consecutive sentences is reversed.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "Imposition of consecutive sentences constituted error where the sentencing court did not state reasons for its findings."
 {¶ 4} "Imposition of consecutive sentence is not supported by the record."
 {¶ 5} The facts that are relevant to the disposition of this reopened appeal are as follows. After a trial to the bench, appellant was found guilty on two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(1). One charge of trafficking in cocaine was a fifth degree felony; the other charge of trafficking in cocaine was a third degree felony. Appellant was also found guilty on a charge of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1) and (B)(1), a felony of the first degree.
 {¶ 6} On August 6, 2003, after holding a sentencing hearing, the common pleas court sentenced appellant to 11 months in prison on the first count of trafficking in cocaine (fifth degree felony), 2 years in prison on the second count of trafficking in cocaine (third degree felony), and 3 years in prison on the count of engaging in a pattern of corrupt activity (first degree felony). The court ordered that the appellant's prison sentences be served consecutive to each other.
 {¶ 7} On appeal, we affirmed the judgment of the trial court. See State v. Warden, 6th Dist. No. WD-03-065, 2004-Ohio-6306. Appellant subsequently filed, pursuant to App.R. 26(B), a timely application to reopen his appeal. He asserted that his trial counsel was ineffective in three respects. See State v. Warden,
6th Dist. No. WD-03-065, 2005-Ohio-1674. This court found that appellant presented a genuine issue for a claim of ineffective assistance of appellate counsel and granted appellant's application to reopen his appeal, but only with regard to appellate counsel's failure to assign as error the trial court's alleged noncompliance with the statutory requirements for the imposition of consecutive sentences. Id. at ¶ 14.
 {¶ 8} Appellant sets forth the following assignments of error:
 {¶ 9} "Imposition of consecutive sentences constituted error where the sentencing court did not state reasons for its findings"
 {¶ 10} "Imposition of consecutive sentences is not supported by the record"
 {¶ 11} Appellant asserts, in his first assignment of error, that the trial judge failed to comply with the requirements of R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) for the imposition of consecutive sentences. Specifically, appellant complains that the court below did not provide the reasons for the statutory findings made at appellant's sentencing hearing.
 {¶ 12} A trial court may not impose consecutive sentences for multiple offenses unless it finds the existence of three factors set forth in R.C. 2929.14(E)(4). Pursuant to that statute, the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. As to the third finding, the trial court must hold that one of the following is applicable: (1) the offender committed the multiple offenses while awaiting trial or sentencing, while under a sanction imposed or while under post-release control for a prior offense;or (2) that the harm caused by the multiple offenses was so great or unusual that no single prison term would adequately reflect the seriousness of the offender's conduct; or (3) that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4)(a) through (c). R.C. 2929.19 B) (2) (c) provides that the court must give its reasons for these findings. The court's findings and reasons for those findings must be made on the record at the offender's sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at paragraph one of the syllabus.
 {¶ 13} At appellant's sentencing hearing on July 31, 2003, the trial court stated:
 {¶ 14} "I do find that those [sentences] should be imposed consecutively. I find that the consecutive sentencing is necessary to protect the public from future crime and to punish the offender. I find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender in his drug transactions and ongoing pattern thereof poses to the public from future crime and there are multiple offenses and an ongoing pattern of drug sales here."
 {¶ 15} The above quotation contains the full extent of the trial court's discussion related to the imposition of consecutive sentences. Thus, we are compelled to conclude that, although the trial court made the requisite findings, pursuant to R.C.2929.14(E)(4), the court did not comply with R.C.2929.19(B)(2)(c), by failing to give its reasons for imposing consecutive sentences. Accordingly, appellant's appellate counsel was ineffective because he did not raise this error in appellant's appeal. Therefore, appellant's first assignment of error is found well-taken.
 {¶ 16} As to the second assignment of error raised by appellant, the reopening of this case was limited to whether appellant's sentence was unlawful because the trial court failed to give reasons to support the findings necessary to impose consecutive sentences. Warden, 2005-Ohio-1674, at ¶ 12-14. We shall, therefore, not address this assignment.
 {¶ 17} On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Wood County Court of Common Pleas is reversed and remanded to the trial court for resentencing in accordance with this decision and the applicable law. Appellee, the state of Ohio, is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Singer, P.J., Concur.