[Cite as *State v. Hunt*, **2018-Ohio-815**.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 17 JE 0012 |
| V. | ) | |
| | ) | OPINION |
| CHAD A. HUNT, JR., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
Pleas of Jefferson County, Ohio
Case No. 16 CR 128

JUDGMENT:                                     Affirmed.

APPEARANCES:
For Plaintiff-Appellee                        Attorney Hanlin
Jefferson County Justice Center
16001 State Route 7
Steubenville, Ohio 43952

For Defendant-Appellant                    Attorney Eric Reszke
Suite 810, Sinclair Building
100 North 4th Street
Steubenville, Ohio 43952

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated:  March 1, 2018

DONOFRIO, J.

{¶1} Defendant-appellant, Chad Hunt, appeals from a Jefferson County Common Pleas Court judgment convicting him of trafficking in drugs and two counts of possession of drugs, following a guilty plea, and the resulting sentence.

{¶2} On September 7, 2016, a Jefferson County Grand Jury indicted appellant on one count of trafficking in drugs, a fifth-degree felony in violation of R.C. 2925.03(A)(1), (C)(4)(a); one count of possession of drugs (cocaine) in an amount greater than 27 grams but less than 100 grams, a first-degree felony in violation of R.C. 2925.11(A), (C)(4)(e); and one count of possession of drugs (heroin) in an amount greater than one gram but less than five grams, a fourth-degree felony in violation of R.C. 2925.11(A), (C)(6)(c). The indictment also included forfeiture specifications for $2,180 in cash and numerous firearms. Appellant initially entered a not guilty plea to the charges.

{¶3} Appellant eventually changed his plea. He pleaded guilty to all three charges and the trial court convicted him of those charges.

{¶4} The trial court subsequently held a sentencing hearing. It sentenced appellant to ten months for trafficking in drugs, eight years for possession of drugs (cocaine), and twelve months for possession of drugs (heroin). The court ordered appellant to serve his sentences consecutively for a total prison sentence of nine years and ten months. The court also ordered the $2,180 seized from appellant's home to be forfeited to the Jefferson County Drug Task Force, along with other contraband listed in the indictment.

{¶5} Appellant filed a timely notice of appeal on May 26, 2017. He now raises a single assignment of error.

{¶6} Appellant's sole assignment of error states:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SENTENCING THE DEFENDANT TO A PRISON TERM OF NINE YEARS AND TEN MONTHS.

{¶7} Appellant argues the trial court's sentence was in error. In support,

appellant points to several factors he claims weigh against his sentence. Appellant states that he expressed genuine remorse. He points out he is a young individual (age 25) who has started up his own lawn care business. He has not served a prior prison term or ever previously been convicted of a felony. He was not on postrelease control or probation at the time of the offense. He admitted to a substance abuse problem. The firearms recovered from his house were legally purchased and he was not under a firearm disability. He is a high school graduate with some college and vocational training. And no great or unusual harm occurred as a result of his actions.

{¶8} Additionally, appellant argues that cocaine and heroin were jointly seized by police at the time of their search. Therefore, he contends this was the same conduct and same animus, which would require the sentences for these two possession offenses to run concurrently because the offenses were allied offenses.

{¶9} When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶10} Appellant was convicted of a first-degree felony, a fourth-degree felony, and a fifth-degree felony. The first-degree possession conviction carried a mandatory prison term. R.C. 2925.11(C)(4)(e). The possible prison terms for a first-degree felony are three, four, five, six, seven, eight, nine, ten, or eleven years. R.C. 2929.14(A)(1). The trial court sentenced appellant to eight years on the first-degree felony. The possible prison terms for a fourth-degree felony are six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4). The trial court sentenced appellant to twelve months on the fourth-degree felony. The possible prison terms for a fifth-degree felony are six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). The trial court sentenced appellant to ten months on the fifth-degree felony. Thus, all of appellant's sentences are within the applicable statutory ranges.

{¶11} In sentencing a felony offender, the court must consider the overriding principles and purposes set out in R.C. 2929.11, which are to protect the public from future crime by the offender and others and to punish the offender. The trial court shall also consider various seriousness and recidivism factors as set out in R.C. 2929.12.

{¶12} Appellant contends the court failed to properly consider the seriousness and recidivism factors. But the record reveals that the court properly considered these factors.

{¶13} At the sentencing hearing, the trial court stated that it considered the purposes and principles of sentencing and the seriousness and recidivism factors relevant to the offense and the offender. (Tr. 49). The court found as to the seriousness factors that appellant's criminal activity was very organized and methodical. (Tr. 49). It found that none of the less serious factors applied. (Tr. 49-50). As to the recidivism factors, the trial court found appellant was not out on bail or under postrelease control at the time of the offense, however, the court noted appellant does have a history of misdemeanor criminal convictions. (Tr. 50-51). The court also found that appellant has not responded favorably to past sanctions and instead has demonstrated a pattern of drug abuse. (Tr. 52). Moreover, the court found appellant failed to show genuine remorse finding that appellant was sorry only that he got caught. (Tr. 52). The trial court reiterated each of these findings in its sentencing judgment entry. Thus, the trial court considered the applicable factors both at the sentencing hearing and in its judgment entry.

{¶14} Moreover, "explanations regarding the trial court's consideration of R.C. 2929.11 and R.C. 2929.12 are not required at the sentencing hearing or in the sentencing entry." *State v. Burch*, 7th Dist. No. 12 JE 28, 2013-Ohio-4256, ¶ 31, citing *State v. McGowan*, 7th Dist. No. 09 JE 24, 2010-Ohio-1309, ¶ 69.

{¶15} Appellant also takes issue with the consecutive nature of his sentences. He asserts the possession of cocaine conviction and the possession of heroin conviction should have merged for sentencing purposes because they shared a

single animus.

> R.C. 2941.25 provides:
>
> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶16}** The Ohio Supreme Court addressed the issue of offenses of similar import requiring merger in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. The Court held that if a defendant's conduct supports multiple offenses, the defendant can be convicted of all of the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows the offenses were committed separately, or (3) the conduct shows the offenses were committed with separate animus. *Id.* at paragraph three of the syllabus, citing R.C. 2941.25(B). Two or more offenses are of dissimilar import within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

**{¶17}** Pursuant to R.C. 2925.11, the drug possession statute, cocaine and heroin are classified and penalized differently based upon the type and quantity involved. "It would thus defeat the legislature's intent to merge the drug possession offenses into a single offense for purposes of sentencing." *State v. Hughes*, 5th Dist. No. 15CA0008, 2016-Ohio-880, ¶ 24. The Ohio Supreme Court has held, "[t]he simultaneous possession of different types of controlled substances can constitute

multiple offenses under R.C. 2925.11." *State v. Delfino*, 22 Ohio St.3d 270, 490 N.E.2d 884 (1986), syllabus.

{¶18} Thus, the trial court was correct in not merging appellant's convictions for possession of cocaine and possession of heroin.

{¶19} Finally, appellant suggests the court erred in ordering his sentences to be served consecutively.

{¶20} R.C. 2929.14(C)(4) requires a trial court to make specific findings when imposing consecutive sentences:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶21}** It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. No. 12-MA-97, 2013-Ohio-2956, 2013 WL 3462485, ¶ 17. However, the court need not give its reasons for making those findings. *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254, 2013 WL 5437346, ¶ 38.

**{¶22}** The Ohio Supreme Court has held that the trial court must make its findings at the sentencing hearing and not simply in the sentencing judgment entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. The trial court should also incorporate its statutory findings into the sentencing entry. *Id.* at ¶ 30.

**{¶23}** In this case, the trial court made all of the required findings at the sentencing hearing.

**{¶24}** First, the court found that consecutive sentences were necessary to punish the offender and to protect the public from future crime. (Tr. 56). Second, the court found that consecutive sentences were not disproportionate to the seriousness of the conduct and the danger posed by the defendant. (Tr. 56-57). Third, the court found that two or more of the offenses were part of one or more courses of conduct and the harm caused was so great that any single prison term would not adequately reflect the seriousness of the defendant's conduct. (Tr. 57). Additionally, the court found that the offender's criminal history demonstrated that consecutive sentences were necessary to protect the public. (Tr. 57). And the trial court reiterated these findings in its sentencing judgment entry.

**{¶25}** Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶26} For the reasons stated above, the trial court's judgment is hereby affirmed.


Waite, J., concurs

Robb, P., J., concurs