[Cite as *State v. Hunt*, 2018-Ohio-2383.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHAD A. HUNT, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 JE 0012**

---

Motion to Reopen.

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Jane M. Hanlin*, Prosecuting Attorney for Jefferson County, 16001 SR 7, Steubenville, Ohio 43952, Plaintiff-Appellee.

*Chad A. Hunt, Jr., Pro Se, (A)694-881, Belmont Correctional Institution, P.O. Box 540, St. Clairsville, Ohio 43950,* for Defendant-Appellant.

**DATED:**
June 19, 2018

**PER CURIAM.**

**{¶1}** Defendant-appellant, Chad Hunt, has filed an application for reopening of his direct appeal from his convictions for one count of trafficking in drugs and two counts of possession of drugs. *State v. Hunt*, 7th Dist. No. 17 JE 0012, 2018-Ohio-815. For the following reason, the application is denied.

**{¶2}** An application to reopen an appeal must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B). Our judgment in this case was filed on March 1, 2018. Appellant filed this application on May 21, 2018. Thus, it was timely filed.

**{¶3}** When considering an application for reopening pursuant to App.R. 26(B), we must first determine, based upon appellant's application, affidavits, and portions of the record before us, whether appellant has set forth a colorable claim of ineffective assistance of appellate counsel. See e.g. *State v. Milburn*, 10th Dist. No. 89AP-655, 1993 WL 339900 (Aug. 24, 1993); *State v. Burge*, 88 Ohio App.3d 91, 623 N.E.2d 146 (10th Dist.1993). In order to show ineffective assistance of appellate counsel, appellant must prove that his counsel was deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal. *State v. Goff*, 98 Ohio St.3d 327, 2003-Ohio-1017, 784 N.E.2d 700, ¶5, (explaining that the *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), test is used to determine if appellate counsel was ineffective).

**{¶4}** In his direct appeal, appellant's counsel raised a single assignment of error arguing that the trial court erred in sentencing appellant to an aggregate prison term of nine years and ten months. Within the assignment of error counsel argued that the trial court failed to properly consider the seriousness and recidivism factors, that the court should have merged the possession of cocaine conviction with the possession of heroin conviction, and that court erred in ordering appellant's sentences to be served consecutively.

{¶5}   Appellant asserts his appellate counsel was ineffective for failing to raise an additional assignment of error.   The assignment of error appellant asserts his counsel should have raised is:

THE   COURTS   [sic.]   CONSIDERATION   INTO   THE INVESTIGATION OF THE PYTASH MURDER VIOLATED HUNT'S DUE PROCESS[.]

{¶6}   Appellant states that, at his sentencing hearing, the trial court heard testimony from a detective that appellant was untruthful in statements he made to police regarding the murder investigation of Stephanie Pytash.   Appellant claims this testimony rendered his sentencing hearing fundamentally unfair.

{¶7}   In his direct appeal, we thoroughly reviewed appellant's sentence.   We concluded that all of appellant's sentences were within the applicable statutory ranges. *Hunt*, 2018-Ohio-815, ¶ 19.   We determined that the trial court properly considered the statutory seriousness and recidivism factors.   *Id*. ¶ 12.   We found that the trial court was correct in not merging appellant's convictions for possession of cocaine and possession of heroin.   *Id.* at ¶ 18.   And we found that the trial court made all of the statutorily-required consecutive sentencing findings at the sentencing hearing.   *Id.* at ¶ 23.

{¶8}    Thus, we have already thoroughly reviewed appellant's sentence and the trial court's findings and upheld them.

{¶9}   Counsel was not deficient for failing to raise the assignment of error appellant now presents.

{¶10}   Accordingly, appellant's application to reopen his appeal is hereby denied.

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**