[Cite as *State v. Ross*, 2022-Ohio-3789.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRIAN G. ROSS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MO 0003**

---

Criminal Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2020-261

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. James L. Peters,* Monroe County Prosecutor, *Atty. Helen Yonak,* Assistant Prosecutor, 101 North Main Street, Room 15, Woodsfield, Ohio 43793, for Plaintiff-Appellee and

*Atty. Brian A. Smith,* Brian A. Smith Law Firm, LLC, 123 South Miller Road, Suite 250, Fairlawn, Ohio 44333, for Defendant-Appellant.

Dated:
October 20, 2022

**Donofrio, P. J.**

{¶1} Defendant-Appellant, Brian G. Ross, appeals from a Monroe County Common Pleas Court Pleas judgment sentencing him to 30 months in jail after he pleaded guilty to one count of domestic violence.

{¶2} On May 4, 2020, the Monroe County Sheriff's Office received a call from Carolyn Ross, appellant's mother, alleging that her son had been drinking and became physically violent towards her. Deputies responded and arrested appellant.

{¶3} On June 9, 2020, a Monroe County Grand Jury indicted appellant on one count of domestic violence, a third-degree felony in violation of R.C. 2919.25(A). Appellant initially entered a not guilty plea. On March 16, 2021, appellant changed his plea to guilty to the charge.

{¶4} The trial court subsequently held a sentencing hearing on May 4, 2021. It sentenced appellant to 30 months in prison. Appellant then filed a timely notice of appeal on May 28, 2021.

{¶5} Appellant now raises a single assignment of error that states:

BECAUSE THE TRIAL COURT FAILED TO PROPERLY CONSIDER THE PRINCIPLES AND PURPOSES OF FELONY SENTENCING UNDER R.C. 2929.11, OR THE SERIOUSNESS OR RECIDIVISM FACTORS UNDER R.C. 2929.12, THE TRIAL COURT'S SENTENCE OF APPELLANT WAS CONTRARY TO LAW.

{¶6} Appellant argues that the trial court did not properly consider the factors under R.C. 2929.11 and R.C. 2929.12 and, consequently, his sentence was too harsh.

{¶7} When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. This court recently discussed the Ohio Supreme Court's most recent comments on felony sentencing review and *Marcum*:

Case No. 21 MO 0003

The Ohio Supreme Court recently addressed review of felony sentences in *State v. Jones*, —— Ohio St.3d ——, 2020-Ohio-6729, —— N.E.3d ——. The *Jones* Court clarified the standard of review for felony sentences that was previously announced in *Marcum*. *Marcum* held "that R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under 'division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code.' " *Marcum*, supra, ¶ 22. The *Jones* Court did not overrule *Marcum* but clarified dicta to reflect that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, supra, at ¶ 42.

*State v. McGarry*, 7th Dist. Belmont No. 19 BE 0049, 2021-Ohio-1281, ¶ 18.

**{¶8}** Appellant pleaded guilty to a third-degree felony in violation of 2919.25(A).  For a third-degree felony the possible prison terms are 9, 12, 18, 24, 30, or 36 months.  R.C. 2929.14(A)(3)(b).  The trial court sentenced appellant to 30 months in prison.  This falls within the allowed prison terms.

**{¶9}** In sentencing a felony offender, the court must consider the overriding principles and purposes set out in R.C. 2929.11, which are to protect the public from future crime by the offender and others and to punish the offender.  The trial court shall also consider various seriousness and recidivism factors as set out in R.C. 2929.12. *State v. Hunt*, 7th Dist. Jefferson No. 17 JE 0012, 2018-Ohio-815.  But "[e]xplanations regarding the trial court's consideration of R.C. 2929.11 and R.C. 2929.12 are not required at the sentencing hearing or in the sentencing entry." *State v. Burch*, 7th Dist. Jefferson No. 12 JE 28, 2013-Ohio-4256, ¶ 31, citing *State v. McGowan*, 7th Dist. Jefferson No. 09 JE 24, 2010-Ohio-1309, ¶ 69.

**{¶10}** The trial court stated at the sentencing hearing that it was guided by the purposes and principles of felony sentencing, including protecting the public and the victim from future incidents by appellant and using the minimum sanctions that the court

determines to accomplish that purpose without imposing an unnecessary burden on the state. (Tr. 32-33). It then found that community control sanctions would demean the seriousness of appellant's misconduct, and were not appropriate. (Tr. 33). This is clearly a reference to R.C. 2929.11, showing that the court considered these principles and purposes. The court again said that it considered R.C. 2929.11 in its judgment entry.

{¶11} The trial court also properly considered the R.C. 2929.12 factors. It mentioned that appellant has shown remorse, there was physical harm to the victim who is appellant's mother, appellant committed the offense while on probation for another domestic violence offense, appellant has a history of alcohol abuse that leads to his anger issues and committing domestic violence. (Tr. 32). Each of these are sentencing factors under R.C. 2929.12. The trial court also acknowledged that it considered the R.C. 2929.12 factors in its judgment entry.

{¶12} The transcript of the sentencing hearing and the sentencing judgment entry both reflect that the trial court properly considered and applied both R.C. 2929.11 and R.C. 2929.12. Pursuant to *Marcum* as clarified by *Jones*, the trial court did not err in sentencing appellant.

{¶13} Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶14} For the reasons stated above, the trial court's judgment is hereby affirmed.


Robb, J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**