THE STATE OF OHIO, APPELLEE, v. GOFF, APPELLANT.

[Cite as *State v. Goff*, 98 Ohio St.3d 327, 2003-Ohio-1017.]

(No. 2002–1579—Submitted February 11, 2003—Decided March 19, 2003.)

---

**Per Curiam.**

{¶ 1} Appellant, James R. Goff, was convicted of the aggravated murder of Myrtle Rutledge and sentenced to death. The court of appeals affirmed his conviction and sentence of death. *State v. Goff* (Apr. 21, 1997), Clinton App. No. CA95–09–026, 1997 WL 194898. On appeal as of right, we also affirmed. *State v. Goff* (1998), 82 Ohio St.3d 123, 694 N.E.2d 916, certiorari denied, *Goff v. Ohio* (1999), 527 U.S. 1039, 119 S.Ct. 2402, 144 L.Ed.2d 800.

{¶ 2} Subsequently, the trial court dismissed Goff's petition for postconviction relief, and the court of appeals affirmed. *State v. Goff* (Mar. 5, 2001), Clinton App. No. CA2000–05–014, 2001 WL 208845. We declined to accept Goff's appeal

of that decision. *State v. Goff* (2001), 92 Ohio St.3d 1430, 749 N.E.2d 756. Goff also filed a Civ.R. 60(B)(5) motion for relief from judgment of the trial court's dismissal of his petition for postconviction relief. The trial court denied Goff's Civ.R. 60(B)(5)[1] motion and the court of appeals affirmed. *State v. Goff* (June 11, 2001), Clinton App. No. CA2000–10–026, 2001 WL 649820. We declined to accept jurisdiction of this appeal. *State v. Goff* (2001), 93 Ohio St.3d 1414, 754 N.E.2d 261.

{¶ 3} On June 28, 2002, Goff filed an application in the court of appeals to reopen his direct appeal pursuant to App.R. 26(B) alleging ineffective assistance of his appellate counsel before that court. The court of appeals found that Goff had failed to establish good cause for filing his application more than 90 days after that court's judgment was journalized, as required by App.R. 26(B)(2)(b). *State v. Goff* (Aug. 14, 2002), Clinton App. No. CA95–09–026. Additionally, the court of appeals found that Goff had failed to meet his burden to establish that there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal, as required by App.R. 26(B)(5). Thus, the court of appeals also denied Goff's application for reopening the appeal on the merits. This cause is now before this court upon an appeal as of right.

{¶ 4} The two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to determine whether a defendant has received the ineffective assistance of appellate counsel. See *State v. Sheppard* (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770; *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696; *State v. Reed* (1996), 74 Ohio St.3d 534, 534–535, 660 N.E.2d 456.

{¶ 5} In order to show ineffective assistance, Goff "must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *Sheppard*, 91 Ohio St.3d at 330, 744 N.E.2d 770, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Moreover, to justify reopening his appeal, Goff "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d at 25, 701 N.E.2d 696.

{¶ 6} We have reviewed Goff's assertions of deficient performance by appellate counsel and find that Goff has failed to raise "a genuine issue as to whether

---

1. {¶ a} Civ.R. 60(B)(5) provides:

   {¶ b} "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for * * * any * * * reason justifying relief from the judgment."

[he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required by App.R. 26(B)(5).

———————

William E. Peelle, Clinton County Prosecuting Attorney, Deborah S. Quigley, Assistant Prosecuting Attorney, and Henry G. Appel, Special Assistant Prosecuting Attorney, for appellee.

David J. Graeff and W. Joseph Edwards, for appellant.