JOURNAL ENTRY
{¶ 1} Defendant-appellant Kevin Green moves for reopening. On June 14, 2003, we affirmed Green's conviction in Mahoning County Common Pleas Court of complicity to commit aggravated murder and kidnapping. On June 30, 2003, Green timely filed an Application for Reopening pursuant to App.R. 26(B). For the reasons stated below, the application is hereby denied.
 {¶ 2} To justify reopening of his appeal, Green "bears the burden of establishing that there was a genuine issue as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." Statev. Goff, 98 Ohio St.3d 327, 2003-Ohio-1017, at ¶ 5, quoting Statev. Spivey, 84 Ohio St.3d 24, 25, 1998-Ohio-704. In order to show ineffective assistance of appellate counsel, Green must prove that his counsel was deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal. Goff, 2003-Ohio-1017, at ¶ 5 (explaining that theStrickland test is used to determine if appellate counsel was ineffective).
 {¶ 3} Green argues appellate counsel was ineffective for failing to raise the 10 assignments of error he enumerates in his petition. Under the first assignment of error, Green contends appellate counsel should have argued that the trial court erred in admitting into evidence gruesome photographs of the victim. Under Evid.R. 403 and 611(A), the admission of photographic evidence is left to the discretion of the trial court. State v. Morton, 147 Ohio App.3d 43, 2002-Ohio-813, at ¶ 89. In a noncapital case, the admission of potentially prejudicial photographs is determined under a balancing test; the probative value of the photographs must be outweighed by the danger of unfair prejudice to warrant exclusion. State v. Franklin (1991), 62 Ohio St.3d 118, 125.
 {¶ 4} The trial court admitted over objection five pictures of the victim's body, three pictures of the victim's face and one picture of the back of the victim's head showing the six bullet wounds. First, addressing the five pictures of the victim's body, four of the five pictures of the victim's body are taken at the crime scene from different angles. In these four photographs, the victim is fully clothed and the injuries inflicted upon the victim are not apparent. These pictures are of the victim's back. In these pictures, it looks like a person sleeping in the woods, not of a dead body. In State v. Watson (1991),61 Ohio St.3d 1, 7, the Ohio Supreme Court stated that pictures of the victim's body which included blood and brain matter was not particularly gruesome and thus were admissible. In this case there is no blood or brain matter in the picture, it is just a body. Therefore, the pictures were not gruesome, though they were repetitious. However, where photographs of the same area of the body that are merely shot from different angles are unnecessarily repetitious, they are not reversible prejudice. State v. Davis (1991), 62 Ohio St.3d 326. Thus, these four pictures were admissible.
 {¶ 5} The fifth photograph of the body was taken at the coroner's office and is a picture of the victim's leg with minor cuts and abrasions on it. This picture is not gruesome either. This picture is illustrative of some of the injuries inflicted upon the victim. Photographs illustrating the type and number of wounds suffered by the victim or corroborating testimony of the coroner can carry significant probative weight to overcome any potential prejudice. State v. Moore,81 Ohio St.3d 22, 32, 1998-Ohio-441; State v. Allen, 73 Ohio St.3d 626,636, 1995-Ohio-283. This picture was used to corroborate the testimony of the coroner and thus, was admissible.
 {¶ 6} The last four pictures are of the victim's face and the back of his head. Two pictures of the victim's face were taken at the crime scene; one was taken from a distance and the other was an up close face shot. The distance picture shows the position of the body and how the arms were tied together with the phone cord. The close-up photograph only shows the gag and the injuries to the face. As such, each was used to show a different aspect of the crime and to illustrate the testimony of the police officers and codefendant. The other picture of the victim's face was taken at the coroner's office when the victim no longer had the gag in his mouth. It displays injuries to the face that were not discernible in the other pictures. The last picture is of the victim's shaved head showing the entrance of the bullets into the back of the victim's head. In none of the other pictures was it clear that the victim was shot in the back of the head. All of these pictures were used to corroborate either the officer's or coroner's testimony. Thus, the probative value of these pictures was outweighed by any potential prejudice. Accordingly, the pictures of the victim's face and head were admissible. Allen, 73 Ohio St.3d at 636.
 {¶ 7} Given the standard of review and the nature of the pictures, all of them were admissible. Appellate counsel was not ineffective for failing to raise this issue on appeal.
 {¶ 8} Next, Green insists appellate counsel should have argued that trial counsel was ineffective for failing to move to suppress the eye witness testimony of Lamar Logan and Clarence Bowen. It appears Green is arguing that because the testimony proved to be, in Green's opinion, "inconsistent, untrue, and hostile," trial counsel should have moved to suppress the testimony.
 {¶ 9} Trial counsel's failure to file a suppression motion does not per se constitute ineffective assistance of counsel. State v. Lester
(1998), 126 Ohio App.3d 1, 6. However, failure to file a suppression motion may constitute ineffective assistance of counsel where there is a solid possibility that the trial court would have suppressed the evidence. State v. Garrett (1991), 76 Ohio App.3d 57.
 {¶ 10} In the case at hand, there was no solid possibility that the trial court would have suppressed the testimony. Although the testimony of Bowen and Logan was slightly inconsistent with each other, this was not a reason to suppress the testimony. Inconsistent and contradictory testimony deals with questions of weight and credibility, not with a reason to suppress. See State v. Brust (Mar. 28, 2000), 10th Dist. No. 99AP-509. During cross-examination and closing arguments, the jury can be made aware of the inconsistencies in the witnesses' testimony. Neither the record nor Green provides any additional reason upon which the testimony of these witnesses could have been suppressed. Accordingly, trial counsel was not ineffective since no grounds existed for suppressing the testimony. State v. Robinson (1996),108 Ohio App.3d 428, 432. "The Sixth Amendment right to effective assistance of counsel does not require defense counsel to file a motion to suppress evidence where none of the defendant's constitutional rights were violated." State v. Frazier (Nov. 25, 1996), 12th Dist. No. CA96-02-023. Therefore, appellate counsel was not ineffective for failing to raise this alleged assignment of error.
 {¶ 11} In assignments of error three, four, five and seven, Green asserts appellate counsel should have raised prosecutorial misconduct as an assignment of error on appeal. Green insists that the prosecutor made prejudicial remarks during the cross-examination of Green, improperly vouched for its own witnesses, and improperly impeached its own witness.
 {¶ 12} The alleged prejudicial statements during cross-examination were the prosecutor questioning Green on why he was looking at the jury when answering questions, questions referencing his prior carrying a concealed weapon (CCW) and theft convictions, and asking him if he paid child support for his children. Under Evid.R. 661(A), "the court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to protect witnesses from harassment or undue embarrassment." The standard for prosecutorial misconduct is whether the comments or questions were improper and, if so, whether they prejudiced appellant's substantial rights. State v.Treesh, 90 Ohio St.3d 460, 480, 2001-Ohio-4, citing State v. Lott
(1990), 51 Ohio St.3d 160, 165. The questioning by the prosecutor on whether Green had ever testified before, if he had gone over his testimony with his attorney, and if he was instructed to look at the jury when he was explaining, were not harassing or embarrassing. The prosecutor did not spend an excessive amount of time on this subject. In fact, it was only six lines of testimony. Furthermore, the questions did not affect Green's substantial rights.
 {¶ 13} The questions concerning the prior CCW and theft convictions were not improper. The questions were admissible as to the credibility of the witness. Evid.R. 404(B); 609(A)(2); State v. Lane
(1997), 118 Ohio App.3d 230, 234 (stating anytime an accused testifies the accused's prior conviction is admissible, unless the probative value of the evidence is outweighed by its prejudicial effect). The trial court explained this to the jury by stating, "you may consider the evidence only for the purpose of testing the defendant's credibility or believability and the weight to be given to the defendant's testimony." (Tr. 803). It further explained that the jury could not consider it "to prove the character of the defendant in order to show that he acted in accordance with that character." (Tr. 803). As such, no error occurred.
 {¶ 14} The prosecutor also questioned Green about paying child support after Green stated he left town because he did not want people to think he was a snitch and he was worried what would happen to his kids if people thought he was a snitch. (Tr. 814). Green stated he did not need to pay child support because he was a good father. (Tr. 814). This question and answer were irrelevant to the determination of whether Green committed the crime he was charged with. Furthermore, it is two lines of testimony and was not really embarrassing or harassing. While the prosecutor did not need to ask the question, it did not prejudice Green. Therefore, no error occurred.
 {¶ 15} Green also argues the state vouched for its own witness, however, he fails to cite to the transcript where this occurred. An independent review of the record reveals that during closing arguments the prosecutor stated that Bowens, its own witness, had "no motive to lie." (Tr. 912). Generally the conduct of the prosecuting attorney during a trial cannot be made a ground of error unless the conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. State v. Papp (1978), 64 Ohio App.2d 203. When faced with a similar statement and argument, the Eighth Appellate District stated that there was not a sufficient basis for it to conclude that the conduct of the prosecutor was so egregious as to render the trial fundamentally unfair. State v. McGrath, 8th Dist. No. 77896,2002-Ohio-2386. Following that reasoning and the fact that Green did not cite to the record where the vouching occurred, this argument also fails.
 {¶ 16} Lastly, Green argues prosecutorial misconduct occurred when the state impeached its own witness without a showing of affirmative damage. Green is incorrect; the trial court did not allow the prosecutor to impeach its own witness. (Tr. 416). The court specifically found that there were no prior inconsistent statements or affirmative damage and, as such, the state would not be permitted to impeach its own witness. (Tr. 416). Accordingly, Green's argument fails.
 {¶ 17} The arguments in the application do not provide sufficient basis for this court to conclude that the conduct of the prosecutor was so egregious as to render his trial fundamentally unfair. Accordingly, Green has failed to demonstrate that appellate counsel was deficient or that he was prejudiced by the absence of the prosecutorial misconduct assignments of error on direct appeal.
 {¶ 18} In assignment of error six, Green asserts appellate counsel should have argued that trial counsel was ineffective for failing to remove prospective juror Thomas from the jury. Green contends that prospective juror Thomas could have been prejudiced against him because this prospective juror had a friend who was brutally murdered and the murder was unsolved.
 {¶ 19} There are two types of challenges to remove jurors, challenges for cause and peremptory challenges. It is clear from reading the entire conversation with prospective juror Thomas that a challenge for cause would have failed. Good cause exists for the removal of a prospective juror when "he discloses by his answers that he cannot be a fair and impartial juror or will not follow the law as given to him by the court." R.C. 2313.42(J). A juror who has been challenged for cause is excused if the court has any doubt as to the juror being entirely unbiased. State v. Cornwell, 86 Ohio St.3d 560, 563, 1999-Ohio-125. The trial court is entitled to accept the juror's assurances that he will be fair and impartial. State v. Jones, 91 Ohio St.3d 335, 338,2001-Ohio-57. Prospective juror Thomas specifically stated three times that the murder of her friend 12 years earlier invoked no sympathy for Green or the victim and she could and would be impartial. (Tr. 237, 238, 239). The trial court could have denied the request without abusing its discretion. Therefore, trial counsel was not ineffective for failing to remove prospective juror Thomas for cause.
 {¶ 20} However, defense counsel still had a peremptory challenge left which could have been used on prospective juror Thomas. Although it could be stated that counsel should have exercised the peremptory challenge on prospective juror Thomas because of the unsolved murder of her friend, it was not ineffective assistance of counsel. "The use of peremptory challenges is a matter of strategy. Debatable trial tactics do not constitute ineffective assistance of counsel." State v. McNeill,83 Ohio St.3d 438, 439, 1998-Ohio-293. Accordingly, this assignment of error presents no genuine issue. As such, appellate counsel was not ineffective for failing to raise this assignment of error.
 {¶ 21} Assignment of error eight claims appellate counsel should have raised a sufficiency argument. In viewing a sufficiency of the evidence argument, a conviction will not be reversed unless the reviewing court holds that no rational trier of fact could have found that the elements of the offense were proven beyond a reasonable doubt. State v.Goff, 82 Ohio St.3d 123, 138, 1998-Ohio-369. The court must view the evidence in the light most favorable to the prosecution. Id. Whether or not the state presented sufficient evidence is a question of law dealing with adequacy. State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52.
 {¶ 22} On direct appeal there was an extensive review of the record in this case. Viewing this case in the light most favorable to the prosecution, sufficient evidence existed to prove the elements of the crime. Two witnesses stated Green was beating up the victim, and that he placed the victim in the trunk of the car and took the victim to Lincoln Park. As such, this testimony was sufficient to prove the elements of the offense. This assignment of error fails to present a genuine issue and, therefore, appellate counsel was not ineffective for failing to raise this assignment of error on appeal.
 {¶ 23} Under assignment of error nine, Green asserts appellate counsel should have argued that trial counsel was ineffective for waiving Green's presence at all pretrial hearings. The record included transcripts of the pretrial hearings. Green's presence was acknowledged at all of these hearings. Therefore, despite his allegation, the record does not reveal that any pretrial hearings occurred where Green's presence was waived. As such, this alleged error appears to be beyond the scope of the record. A reviewing court cannot add matter to the record which is not part of the trial court proceedings and decide an appeal on the basis of such new matter. State v. Ishmail (1976), 54 Ohio St.2d 402, syllabus. Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by this newly added material. State v.Moore, 93 Ohio St.3d 649, 650, 2001-Ohio-1892. Accordingly, claiming that appellate counsel was ineffective for failing to raise this issue will not be considered by this court.
 {¶ 24} In the final proposed assignment of error, Green states that the state failed to run fingerprints or DNA testing on the evidence it collected. This argument is a sufficiency of the evidence argument; that the lack of these tests raised reasonable doubt as to whether Green committed the crime.
 {¶ 25} Green is correct that the state never requested to have fingerprints or DNA testing done on the telephone cord that was used to tie up the victim, on the plastic bag of white powder that was found on the victim, or on the gag placed in the victim's mouth. During cross-examination, defense counsel questioned the officers and witnesses who were from BCI as to whether these items were tested for fingerprints or for DNA. Defense counsel also made this argument during closing arguments. (Tr. 884-890). Therefore, the information clearly was before the jury. However, given the verdict, it appears that the jury believed the eye witnesses' testimony and that the lack of the tests on the evidence did not raise reasonable doubt. Thus, this argument raises no genuine issue and appellate counsel was not ineffective.
 {¶ 26} In addition to Green's application failing to raise a colorable claim of ineffective assistance of appellate counsel, the application is procedurally defective. App.R. 26(B)(4) states that an application for reopening shall not exceed 10 pages exclusive of affidavits and parts of the record. Green's application exceeds the page limit, and therefore fails to comply with the rule.[1] This defect can provide an independent reason for dismissing the application. State v.Fanning, 8th Dist. No. 71189, 2002-Ohio-4888, at ¶ 9, citing Statev. Murawski, 8th Dist. No. 70854, 2002-Ohio-3631.
 {¶ 27} For the foregoing reasons, due to the procedural defect and the fact that Green failed to establish a colorable claim of ineffective assistance of appellate counsel, the application is hereby denied.
Vukovich, Donofrio and DeGenaro, JJ., concur.
[1] After the application to reopen was filed with our court, Green filed a motion to supplement the record, which attempted to add an eleventh assignment of error. As explained, the original petition exceeded the page limit. Therefore, allowing this supplement would make the petition further over the page limit allowed by the rules. Accordingly, we deny Green's request to supplement the petition. Even if we allowed this assignment of error, which raises a manifest weight of the evidence argument, it would fail. On direct appeal we thoroughly reviewed the case, and given the evidence and facts presented at the trial level we cannot conclude that the verdict was against the manifest weight of the evidence.