[Cite as *State v. Dotson*, 2018-Ohio-4466.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRYAN M. DOTSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 16 MA 0105**

---

Application to Reopen

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied

---

*Atty. Paul J. Gains, Mahoning County Prosecutor*, and *Atty. Ralph Rivera, Assistant Prosecutor,* Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and

*Atty. Rick Ferrara*, 2077 East Fourth Street, Second Street, Cleveland, Ohio 44114, for Defendant-Appellant.

Dated:
October 31, 2018

**PER CURIAM.**

**{¶1}** Defendant-appellant, Bryan Dotson, has filed an application for reopening of his direct appeal from his conviction of tampering with vehicle identifying numbers. *State v. Dotson*, 7th Dist. No. 16 MA 0105, 2018-Ohio-2481. For the following reasons, the application is denied.

**{¶2}** An application to reopen an appeal must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B). Our judgment in this case was filed on June 22, 2018. Appellant filed this application on September 7, 2018. Thus, it was timely filed.

**{¶3}** When considering an application for reopening pursuant to App.R. 26(B), we must first determine, based upon appellant's application, affidavits, and portions of the record before us, whether appellant has set forth a colorable claim of ineffective assistance of appellate counsel. See e.g. *State v. Milburn*, 10th Dist. No. 89AP-655, 1993 WL 339900 (Aug. 24, 1993); *State v. Burge*, 88 Ohio App.3d 91, 623 N.E.2d 146 (10th Dist.1993). In order to show ineffective assistance of appellate counsel, appellant must prove that his counsel was deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal. *State v. Goff*, 98 Ohio St.3d 327, 2003-Ohio-1017, 784 N.E.2d 700, ¶ 5, (explaining that the *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), test is used to determine if appellate counsel was ineffective).

**{¶4}** In his direct appeal, appellant's counsel argued that: his motion to suppress should have been granted, multiple pieces of evidence were admitted improperly, his motion to dismiss should have been granted, his trial counsel was ineffective, his convictions were insufficient as a matter of law, his convictions were against the manifest weight of the evidence, the state committed prosecutorial misconduct, and his sentence was unauthorized by law.

**{¶5}** Appellant asserts his appellate counsel was ineffective for failing to raise additional arguments. Appellant first argues:

APPELLATE COUNSEL FAILED TO EFFECTIVELY ARGUE THAT THE OFFICER LACKED PROBABLE CAUSE FOR THE STOP OF APPELLANT'S VEHICLE.

**{¶6}** Appellant claims that his appellate counsel failed to properly argue that there was insufficient probable cause to justify the initial stop of his vehicle for failure to display a front end license plate. Appellant claims that evidence in the record shows that his front end license plate was present on the dashboard of his truck.

**{¶7}** Appellant's allegations are unfounded. First, only reasonable suspicion is required to initiate a traffic stop, not probable cause. *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 7-8. Second, appellant's own application defeats his argument. Appellant claims that his front end license plate was not on the front end of his car but rather on his dashboard. R.C. 4503.21(A)(1) requires the license plate to be in plain view on the front and rear ends of a motor vehicle. Based on this, the troopers had reasonable suspicion to initiate a traffic stop.

**{¶8}** Therefore, appellate counsel was not deficient for failing to raise this argument. There was no reasonable probability of success had this argument been presented on appeal.

**{¶9}** Second, appellant asserts:

APPELLATE COUNSEL FAILED TO EFFECTIVELY ARGUE THE VIN THAT WAS SUPPOSEDLY RELATED TO A STOLEN VEHICLE WAS NOT FACTUALLY VALID AND THAT TRIAL COUNSEL WAS INEFFECTIVE.

**{¶10}** Appellant claims that the state's witnesses presented a factually inaccurate VIN from his vehicle which linked his vehicle to a vehicle that was stolen. He claims that the VIN supposedly retrieved from his vehicle was eight digits and that the type of vehicle he was driving would not have had an eight digit VIN.

**{¶11}** Appellant's allegations here are also unfounded. The argument appellant raises here goes directly to his conviction for receiving stolen property in the form of a vehicle. We held that his conviction for receiving stolen property in the form of a vehicle

was based on inadmissible evidence, reversed this conviction, and vacated the sentence related to this conviction. *Dotson*, 2018-Ohio-2481, at ¶ 47, 57, 104.

**{¶12}** Therefore, appellate counsel was not deficient for failing to raise this argument.

**{¶13}** Third, appellant argues:

APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO EFFECTIVELY ARGUE THAT APPELLANT DID NOT PURPOSELY CONCEAL THE VIN NUMBERS IN HIS VEHICLE.

**{¶14}** Appellant claims the evidence in the record was insufficient to show he intended to conceal or destroy any VIN on his vehicle. He also claims that the two VINs that were concealed were able to be easily read by the troopers in this case.

**{¶15}** Appellant's allegations here are also unfounded. Appellate counsel's fourth assignment of error in the direct appeal challenged, in part, the sufficiency of his tampering with vehicle identifying numbers conviction. Specifically, the assignment of error challenged the lack of evidence as to the element of intent. *Dotson*, 2018-Ohio-2481, at ¶ 66-68. We held that the surrounding facts and circumstances of appellant spray painting his vehicle black and the black spray paint covering two VINs on the vehicle were sufficient to show intent. *Id.* at ¶ 67-68.

**{¶16}** Appellant also claims that one of the concealed VINs on his vehicle should not have been considered because the troopers were able to scrape away the spray paint in order to read the VIN. This does not negate the fact that the VIN appellant claims should not be considered was still covered with black spray paint. Also, it does not negate the fact that a second VIN was covered with black spray paint.

**{¶17}** Therefore, appellate counsel was not deficient for failing to raise this argument.

**{¶18}** Finally, appellant argues:

APPELLATE COUNSEL FAILED TO EFFECTIVELY ARGUE THE ISSUE OF THE DASHCAM VIDEO OF THE OFFICER WHO MADE THE INITIAL STOP.

**{¶19}** There was over a year between appellant's stop and his indictment. Appellant argues he was denied the ability to make a specific and immediate request for the dashcam video of his stop. Appellant claims that his appellate counsel failed to effectively argue the assignment of error concerning this video.

**{¶20}** Appellant's allegations here are also unfounded. We held that there was no evidence in the record about the contents of the erased video tape. It was appellant's burden to show that the contents of the video were material, favorable to him, and that the tape had a reasonable probability to affect the outcome. This was not done. Appellant now claims that the tape would have shown that the entire truck had black overspray, not just over the VINs of his truck. Even if appellant's claims are true, they do not negate the fact that two VINs on appellant's truck were concealed and the VINs on the truck did not match the true VIN. We held that there were sufficient facts to show intent to conceal the identity of the truck. Therefore, counsel was not deficient for failing to raise this argument.

**{¶21}** For the reasons stated above, appellant's application to reopen his appeal is hereby denied.

**JUDGE GENE DONOFRIO, Concurs**

**JUDGE CHERYL L. WAITE, Concurs**

**JUDGE CAROL ANN ROBB, Concurs**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 16 MA 0105