[Cite as *State v. Holloway*, 2019-Ohio-1575.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JERMAILL OR JERMAIL HOLLOWAY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0048**

---

Motion to Reopen

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied

---

*Atty. Paul Gains, Mahoning County Prosecutor and Atty. Ralph Rivera, Assistant Prosecutor,* Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and

Jermaill or Jermail Holloway, (PRO SE), A693-841, P.O. Box 788, Mansfield, Ohio 44901, for Defendant-Appellant.

Dated:
April 26, 2019

**PER CURIAM.**

{¶1} Defendant-appellant, Jermaill Holloway, has filed an application for reopening of his direct appeal from his convictions for voluntary manslaughter and felonious assault. *State v. Holloway*, 7th Dist. No. 17 MA 0048, 2018-Ohio-5393. For the following reasons, the application is denied.

{¶2} An application to reopen an appeal must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B). Our judgment in this case was filed on December 27, 2018. Appellant filed this application on March 11, 2018. Thus, the application is timely.

{¶3} Ineffective assistance of appellate counsel is the basis for an application to reopen an appeal. App.R. 26(B)(1). When considering an application for reopening pursuant to App.R. 26(B), we must first determine, based upon appellant's application, affidavits, and portions of the record before us, whether appellant has set forth a colorable claim of ineffective assistance of appellate counsel. See e.g. *State v. Milburn*, 10th Dist. No. 89AP-655, 1993 WL 339900 (Aug. 24, 1993); *State v. Burge*, 88 Ohio App.3d 91, 623 N.E.2d 146 (10th Dist.1993). In order to show ineffective assistance of appellate counsel, appellant must prove that his counsel was deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal. *State v. Goff*, 98 Ohio St.3d 327, 2003-Ohio-1017, 784 N.E.2d 700, ¶5, (explaining that the *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), test is used to determine if appellate counsel was ineffective).

{¶4} Appellant asserts his appellate counsel was ineffective for failing to raise four assignments of error.

{¶5} First, appellant claims his appellate counsel was ineffective for failing to assert:

THE TRIAL COURT ERRED IN NOT ALLOWING APPELLANT TO WITHDRAW HIS GUILTY PLEA FOR A MANIFEST INJUSTICE OCCURRED IN HIS CASE.

{¶6}   Appellant argues his counsel should have argued that the trial court erred in denying his motion to withdraw his guilty plea.  He claims he suffered a manifest injustice because his trial counsel and the prosecutor did not inform the trial court about the "true facts" of the case, which he claims demonstrated reasonable doubt as to whether he was guilty.  Appellant asserts trial counsel should have informed the court that the victim was firing a .32 revolver at him.  And he contends counsel should have informed the court that BCI could not identify from which gun the bullet that struck the victim was fired.  Appellant notes that he informed the trial court of these "facts" in his motion to withdraw his guilty plea.

{¶7}   Appellant's appellate counsel made the same argument appellant now raises in his third assignment of error in his direct appeal.  In that assignment of error, appellant's counsel argued that the trial court should have granted appellant's post-sentence motion to withdraw his guilty plea.  *Holloway*, at ¶ 37-38.  We reviewed the issue and concluded that the trial court did not abuse its discretion in denying appellant's motion.  *Id.* at ¶ 42-44.

{¶8}   Thus, appellant has not demonstrated that his appellate counsel was ineffective for failing to raise an issue regarding his post-sentence motion to withdraw his plea.

{¶9}   Second, appellant claims his appellate counsel was ineffective for failing to assert:

APPELLANT[']S GUILTY PLEA WAS NOT VOLUNTARILY ENTERED BECAUSE IT WAS THE RESULT OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

{¶10}  Appellant contends his appellate counsel should have argued that his guilty plea was not voluntarily entered because his trial counsel was ineffective.  Appellant claims his trial counsel failed to provide him with the discovery in his case, failed to withdraw as he requested, and failed to file a pre-sentence motion to withdraw his guilty plea as he requested.

{¶11}  Appellant's appellate counsel raised the voluntariness of his plea in his first assignment of error in his direct appeal.  *Id.* at ¶ 7.  And although counsel did not

specifically argue that appellant's trial counsel was ineffective, this court conducted a thorough review of appellant's plea hearing and determined that he entered his plea knowingly, voluntarily, and intelligently. *Id.* at ¶ 11-26.

{¶12} Additionally, appellate counsel argued that trial counsel never filed a motion to withdraw after appellant requested that he do so in his fourth assignment of error in his direct appeal. *Id.* at ¶ 53. We addressed this issue and concluded trial counsel was not ineffective in this regard because the trial court had informed him that it would deny such a motion. *Id.*

{¶13} Accordingly, appellant has not demonstrated that his appellate counsel was ineffective for failing to raise an issue regarding the voluntariness of his plea or the lack of a motion to withdraw.

{¶14} Third, appellant claims his appellate counsel was ineffective for failing to assert:

TRIAL COURT ERRED BY NOT STOPPING THE SENTENCING HEARING AND HOLDING AN EVIDENTIARY HEARING AFTER LEARNING THE APPELLANT AND THE PROSECUTOR HAD TWO DIFFERENT VERSIONS OF EVENTS.

{¶15} Here appellant argues his appellate counsel should have argued that the trial court erred by failing to hold a pre-sentencing evidentiary hearing to determine what actually happened in this case. Appellant claims such a hearing was necessary due to differing versions of the facts.

{¶16} Appellant chose to enter a guilty plea in this case. By doing so, he admitted to shooting two people, one of whom died. Appellant decided to forego a trial, which would have shed some light on the underlying facts and brought out any discrepancies in the evidence. Because appellant pleaded guilty, the trial court had no obligation to hold an evidentiary hearing.

{¶17} Thus, appellant has not demonstrated his appellate counsel was ineffective for failing to assert that the trial court should have held a pre-sentence evidentiary hearing.

{¶18} Finally, appellant claims his appellate counsel was ineffective for failing to assert:

Case No. 17 MA 0048

APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE, PROSECUTORIAL MISCONDUCT DEPRIVED APPELLANT OF A FAIR JUDGMENT AND SENTENCE.

**{¶19}** Appellant asserts his appellate counsel should have argued that the prosecutor engaged in misconduct by telling the court that every witness stated that they heard appellant outside making threats that he would kill everyone in the house. Appellant claims this statement was untrue. He asserts the trial court gave him an unfair sentence based on the prosecutor's comment.

**{¶20}** The prosecutor did state at the sentencing hearing that all witnesses heard appellant yelling and threatening to kill everyone in the house. (Tr. 8). Appellant claims he has evidence that none of the witnesses actually said these things. But appellant does not state what that evidence is and, even if he did, such evidence would be outside of the record.

**{¶21}** Moreover, appellate counsel did argue that appellant's sentence was contrary to law in his second assignment of error in his direct appeal. *Id.* at ¶ 28. We reviewed appellant's sentence and found it was not contrary to law. *Id.* at ¶¶ 31-35.

**{¶22}** Thus, appellant has not demonstrated his appellate counsel was ineffective for failing to assert that prosecutorial misconduct resulted in a sentence that was contrary to law.

**{¶23}** For the reasons stated above, appellant's application to reopen his appeal is hereby denied.

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

Case No. 17 MA 0048

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**