[Cite as *State v. Carter*, 2023-Ohio-915.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

GREG EUGENE CARTER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 BE 0038

---

Application to Reopen

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, David A. D'Apolito, Judges

---

**JUDGMENT:**
Denied.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, 52160 National Road, St. Clairsville, Ohio 43950, for  Plaintiff-Appellee and

Greg Eugene Carter, *Pro se,* #A789-510, 15708 McConnelsville Road, Caldwell, Ohio 43724, Defendant-Appellant.

Dated: March 22, 2023

**PER CURIAM.**

{¶1} Defendant-Appellant, Greg Eugene Carter, has filed an application for reopening his direct appeal from his convictions for five counts of rape. *State v. Carter*, 7th Dist. Belmont No. 21 BE 0038, 2022-Ohio-3787. For the following reasons, the application is denied.

{¶2} An application to reopen an appeal must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B). Our judgment in this case was filed on October 19, 2022. Appellant filed his application on January 17, 2023. Thus, the application is timely.

{¶3} When considering an application for reopening pursuant to App.R. 26(B), we must first determine, based upon appellant's application, affidavits, and portions of the record before us, whether appellant has set forth a colorable claim of ineffective assistance of appellate counsel. See e.g. *State v. Milburn*, 10th Dist. Franklin No. 89AP-655, 1993 WL 339900 (Aug. 24, 1993); *State v. Burge*, 88 Ohio App.3d 91, 623 N.E.2d 146 (10th Dist.1993). In order to show ineffective assistance of appellate counsel, appellant must prove that his counsel was deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal. *State v. Goff*, 98 Ohio St.3d 327, 2003-Ohio-1017, 784 N.E.2d 700, ¶ 5, (explaining that the *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), test is used to determine if appellate counsel was ineffective).

{¶4} In his direct appeal, Appellant's counsel raised nine assignments of error: (1) his convictions were against the manifest weight of the evidence; (2) his convictions were not supported by the sufficiency of the evidence; (3) the trial court erred in allowing Leslie Doerfler to testify when her testimony did not comply with Evid.R. 803(4); (4) the trial court erred in allowing Scott Steele to testify when his testimony did not comply with Evid.R. 803(4); (5) the trial court erred in not allowing evidence of the victim's social media posts; (6) the stationing of deputies near Appellant in the jury's view prejudiced Appellant; (7) the imposition of consecutive sentences was contrary to law; (8) the consecutive sentencing findings were not supported by the record; and (9) the indictment did not properly charge the fifth count of rape.

{¶5} Appellant now asserts his appellate counsel was ineffective for failing to raise four additional assignments of error.

{¶6} Appellant first asserts his appellate counsel should have argued:

THE STATE DID NOT COMPLY WITH CRIMINAL RULE 16(K) AS IT PERTAINS TO THE STATE'S "EXPERT" WITNESSES; THE TRIAL COURT ERRED BY ALLOWING THEM TO BE QUALIFIED AS "EXPERTS"; AND TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO THEIR ADMISSION AS "EXPERTS".

{¶7} Appellant claims his appellate counsel should have argued that the state failed to comply with Crim.R. 16(K) by failing to provide him with expert reports from Doerfler and Steele as to their alleged expert testimony. Crim.R. 16(K) provides:

An expert witness for either side shall prepare a written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion, and shall include a summary of the expert's qualifications. The written report and summary of qualifications shall be subject to disclosure under this rule no later than twenty-one days prior to trial, which period may be modified by the court for good cause shown, which does not prejudice any other party. Failure to disclose the written report to opposing counsel shall preclude the expert's testimony at trial.

{¶8} The trial court qualified both Doerfler and Steele as experts.

{¶9} Defense counsel objected to Doerfler being qualified as an expert as a sexual assault nurse examiner. (Tr.191). Before the court deemed Doerfler an expert, defense counsel thoroughly cross-examined her. During one of counsel's questions, he noted, "as I see your report, it says[.]" Counsel stated that while he did not dispute that Doerfler was an expert sexual assault nurse examiner, he took issue with her testifying as to what the victims disclosed to her based on hearsay. (Tr. 192-193). When arguing his objection to the court, defense counsel stated, "there are things contained in her report that are, in fact hearsay, and given the fact that it was not a medical examination * * * then the exception to the hearsay rule does not apply." (Tr. 193).

**{¶10}** Defense counsel did not object to the trial court qualifying Steele as an expert relative to forensic interviews.  But during cross-examination of Steele, defense counsel referred to Steele's "notes."  (Tr. 421).

**{¶11}** Appellant's claims that his trial counsel did not have reports from Doerfler and Steele are contradicted by the record.  Likewise, Appellant's claim that his trial counsel failed to object to the trial court deeming Doerfler as an expert is not supported by the record.  Thus, there was no basis on which his appellate counsel could have raised an assignment of error asserting error in this regard.

**{¶12}** Second, Appellant argues his appellate counsel should have argued:

THE TRIAL COURT ABUSED ITS DISCRETION IN NOT REIGNING IN THE PROSECUTOR'S PERSISTENT BADGERING OF APPELLANT DURING CROSS-EXAMINATION AND TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE FOR A MISTRIAL BASED ON THE SAME.

**{¶13}** Despite what the proposed assignment of error states, Appellant asserts his appellate counsel should have argued that the cumulative effect of the prosecutor's inflammatory statements during opening statements and closing arguments resulted in reversible error.  He concedes that the comments were not reversible standing alone.  Specifically, Appellant argues his appellate counsel should have raised as error the prosecutor's comments during opening statements that Appellant "took advantage of two children, two girls who were left in his care and custody, while their mother, his then girlfriend, went to work" and that he "is guilty of horrendous acts."  (Tr. 164, 170).  He also argues his appellate counsel should have raised as error the prosecutor's comment during closing arguments that he is a "child sex abuser, he is a rapist."  (Tr. 604).

**{¶14}** Before opening statements, the trial court admonished the jury that, "nothing the attorneys have said or say is evidence.  The opening arguments are not evidence."  (Tr. 152).

**{¶15}** Defense counsel did not object to any of these statements.  Given the lack of objection at trial, appellate counsel could only argue plain error.  Given the overwhelming evidence of Appellant's guilt in this case, plain error could not be

demonstrated. Thus, appellate counsel was not ineffective for failing to raise this assignment of error.

**{¶16}** Third, Appellant argues his appellate counsel should have argued:

APPELLANT WAS DENIED DUE PROCESS BY THE REPEATED AND PERSISTENT ACTS OF PROSECUTORIAL MISCONDUCT BY THE STATE.

**{¶17}** Appellant claims here that his appellate counsel should have argued that the prosecutor badgered him on the witness stand.

**{¶18}** While Appellant makes this claim, he does not offer a single example of the prosecutor's alleged acts of misconduct or how the alleged acts prejudiced him.

**{¶19}** When we are presented with only the Appellant's statement in his brief and no information on how Appellant suffered prejudice, an application to reopen must be denied. See *State v. Sweet*, 72 Ohio St.3d 375, 376, 650 N.E.2d 450 (1995).

**{¶20}** Finally, Appellant argues his appellate counsel should have argued:

TRIAL COUNSEL FAILED TO PRESENT AN EXPERT WITNESS TO CONTRADICT [the] STATE'S MEDICAL "EXPERT" AND FAILED TO CHALLENGE [the] STATE'S MEDICAL "EXPERT" REGARDING "HYMEN" TESTIMONY DURING CROSS-EXAMINATION.

**{¶21}** Appellant argues his counsel should have consulted with and then presented a medical expert to testify as to the "significance" of the testimony by the sexual assault nurse examiner.

**{¶22}** Doerfler conducted a physical examination of both victims. She did not find any physical signs of injury to S.W.'s genitalia, but Doerfler testified that this did not mean that there had not been an earlier injury that had healed by the time she conducted her examination. (Tr. 214-215). Doerfler also found L.W.'s physical exam to be a normal exam. (Tr. 229).

**{¶23}** Appellant presents nothing in support of his argument, such as an affidavit, other than his bare assertions. We will not presume that appellate counsel did not consult an expert in this case and then decide not to have the expert testify. Nor will we presume

Case No. 21 BE 0038

an expert would have been helpful to the defense. Thus, appellate counsel was not ineffective for failing to raise this assignment of error.

{¶24} For the reasons stated herein, Appellant's application to reopen his appeal is hereby denied.

**JUDGE MARK A. HANNI**

**JUDGE CAROL ANN ROBB**

**JUDGE DAVID A. D'APOLITO**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**