[Cite as *State v. Holloway*, 2023-Ohio-3600.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JERMAILL HOLLOWAY,

Defendant-Appellant.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 22 MA 0110

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2016 CR 1351

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor and *Atty. Edward A. Czopur*, Assistant Prosecutor, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Jermail Holloway*, *Pro se*, Inmate No. A693841, Lake Erie Correctional Institution, 501 Thompson Rd., Conneaut, Ohio 44030, Defendant-Appellant

Dated: September 29, 2023

---

**WAITE, J.**

{¶1} Appellant Jermaill Holloway appeals a September 30, 2022 judgment of the Mahoning County Court of Common Pleas denying his postconviction petition as untimely. Because Appellant untimely filed his petition, his arguments are without merit and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

{¶2} The facts of this matter were discussed in Appellant's recent appeal:

On December 1, 2016, Appellant was indicted on two counts of murder, felonies of the first degree in violation of R.C. 2903.02(A)(D), (B)(D); one count of improper discharge of a firearm at or into habitation, a felony of the second degree in violation of R.C. 2923.161(A)(1), (D); eight counts of felonious assault, felonies of the second degree in violation of R.C. 2903.11 (A)(2), (D). All counts were accompanied by a firearm specification pursuant to R.C. 2941.145(A). The indictment stemmed from an incident on March 20, 2016 where Appellant was asked to leave a house after an argument over a video game. (3/9/17 Sentencing Hrg. Tr., p. 8.) Apparently, the argument continued, leading both Appellant and the victim to fire shots at one another. (3/9/17 Sentencing Hrg. Tr., p. 9.) According to witnesses, the victim fired from inside the house and Appellant fired from outside of the house.

On March 8, 2017, Appellant pleaded guilty to an amended charge of voluntary manslaughter, a felony of the first degree in violation of R.C.

<u>Case No. 22 MA 0110</u>

2903.03(A)(C), and all eight counts of felonious assault. The remaining murder charge and the sole count of improper discharge of a firearm were dismissed. (3/8/17 Plea Agreement.)

On March 9, 2017, the trial court sentenced Appellant to an aggregate total of fifteen years of incarceration. On March 10, 2017, Appellant wrote a letter to the trial court which was construed as a motion to withdraw his plea. After a hearing on the matter, the court denied the motion. Appellant's timely direct appeal followed in *State v. Holloway*, 7th Dist. Mahoning No. 17 MA 0048, 2018-Ohio-5393 ("*Holloway I*"). In *Holloway I*, Appellant raised assignments of error pertaining to his guilty plea, his sentence, the trial court's decision to deny his motion to withdraw his plea, and the effectiveness of his trial counsel. We affirmed the judgment of the trial court. *Id.* at ¶ 55.

Appellant subsequently filed an application to reopen his appeal based on his appellate counsel's representation. He claims that counsel failed to challenge the trial court's denial of his motion to withdraw his plea or to challenge the voluntariness of his plea. He alleges counsel was also deficient in failing to raise as error his lack of an evidentiary hearing on these claims prior to sentencing. Additionally he urges that appellate counsel should have raised prosecutorial misconduct as an assignment of error in his direct appeal. *State v. Holloway*, 7th Dist. Mahoning No. 17 MA 0048, 2019-Ohio-1575 ("*Holloway II*"). We denied the application.

On November 20, 2020, Appellant filed a second motion to withdraw his guilty plea. In this motion he raised seven claims: trial counsel's failure to adequately investigate the charge and prepare for trial, prosecutorial misconduct for failing to provide exculpatory evidence, the withholding of evidence of a second shooter, counsel's allegedly erroneous statement that self-defense is not available in Ohio, and an alleged breach of a plea agreement by the state. On March 18, 2021, the trial court denied the motion. Appellant now appeals this entry.

*State v. Holloway*, 7th Dist. Mahoning No. 21 MA 0035, 2022-Ohio-1459, ¶ 2-6 ("*Holloway III*").

{¶3} Subsequently, on July 15, 2022, Appellant filed a "Motion to Vacate or Set Aside Judgment of Conviction or Sentence," which the trial court construed as a postconviction petition. On August 9, 2022, the trial court denied the motion. Thereafter, on September 30, 2022, the trial court filed a *nunc pro tunc* entry correcting a date contained within its prior judgment entry. It is from this entry that Appellant timely appeals.

<u>Non-Conforming Brief</u>

{¶4} In his brief, Appellant has violated several of the appellate rules. App.R. 19(A)(2) requires an appellant to provide "[a] table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited." While Appellant set out a "Case Law" section, this section contains no actual case or statutory law.

{¶5} App.R. 16(A)(7) requires "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons

in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary." Eight of Appellant's ten assignments of error solely provide a heading, but include no law, relevant facts, or argument. The remaining two assignments fail to cite any case or statutory law and merely present conclusory statements. Thus, Appellant's brief fails to conform to the requirements of the appellate rules. Even though these violations are grounds for dismissal, in the interest of fairness and justice we will attempt to address Appellant's concerns.

## Postconviction Petition

{¶6} In order to successfully assert a postconviction petition, "the petitioner must demonstrate a denial or infringement of his rights in the proceedings resulting in his conviction sufficient to render the conviction void or voidable under the Ohio or United States Constitutions." *State v. Agee*, 7th Dist. Mahoning No. 14 MA 0094, 2016-Ohio-7183, ¶ 9, citing R.C. 2953.21(A)(1).

{¶7} The petitioner bears the burden of demonstrating "substantive grounds for relief" through the record or any supporting affidavits. *Agee* at ¶ 9. However, as a postconviction petition does not provide a forum to relitigate issues that could have been raised on direct appeal, res judicata bars many claims. *Agee* at ¶ 10.

## Timeliness

{¶8} R.C. 2953.21(A)(2) requires a petitioner to file a petition within one year after the trial transcripts are filed in the court of appeals. In relevant part, R.C. 2953.21(A)(2) provides that a postconviction petition:

[S]hall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.] * * * If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

{¶9} Ohio law provides a two-part exception to this rule if the petitioner can demonstrate that he or she meets the criteria found in R.C. 2953.23(A)(1)(a)-(b). Pursuant to R.C. 2953.23(A)(1)(a), the petitioner must either show that he: "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief, or, * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."

{¶10} Appellant's trial transcripts were filed in this Court on June 27, 2017. His instant petition was filed on July 7, 2022, well beyond the established deadline. Appellant attempts to explain his tardiness by arguing that his appellate counsel erroneously advised he was barred from filing any postconviction petition because he pleaded guilty. Appellant claims he learned that advice was erroneous, when this Court informed him in an appellate opinion in *Holloway III* that some of his claims were more appropriately raised in a postconviction petition.

{¶11} The law governing such petitions clearly provides only two exceptions to the timeliness requirement: (1) a showing that Appellant was unavoidably prevented from discovering the fact on which he relies, or (2) that the United States Supreme Court

created a new federal or state law that applies retroactively to Appellant. Appellant concedes that he was aware of the facts on which he relies in this petition at the time of trial, and that he has not alleged any new federal or state law that applies to his case. As Appellant recognizes neither exception to the deadlines to file a postconviction petition apply, Appellant's petition is untimely.

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION BY FAILING TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN DENYING APPELLANTS [SIC] POST CONVICTION RELIEF PETITION.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRORED [SIC] BY DENYING APELLANTS [SIC] POST CONVICTION RELIEF PETITION BECAUSE APPELLANT SATISFIED R.C. 2953.23(A)(1)(a). IN EXCUSING SUCH A DELAY IN FILING THE PETITION.

ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED BY DENYING APPELLANTS [SIC] PCP PETITION ABSENT A HEARING BECAUSE APPELLANT SHOWED IN CLAIM NUMBER THREE ADEQUATE EVIDENCE THAT HE WAS DEPRIVED OF HIS 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY HIS COUNSELS [SIC] FAILURE TO INVESTIGATE THE CASE AND FILE A MOTION TO DISMISS THE

INDICTMENT DUE TO THE POLICE VIOLATING HIS DUE PROCESS RIGHTS BY TAMPERING WITH EVIDENCE AND MAKING A FALSE POLICE REPORT TO SECURE AN INDICTMENT ON APPELLANT.

### ASSIGNMENT OF ERROR NO. 5

THE TRIAL COURT ERRED BY DENYING APELLANTS [SIC] PCR PETITION ABSENT A HEARING BECAUSE APPELLANT SHOWED ADEQUATE EVIDENCE THAT HE WAS DEPRIVED OF HIS 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY HIS COUNSELS [SIC] FAILURE TO ADEQUATELY VISIT APPELLANT AND PREPARE FOR TRIAL.

### ASSIGNMENT OF ERROR NO. 7

THE TRIAL COURT ERRED BY DENYING APPELLANTS [SIC] PCR PETITION ABSENT A HEARING BECAUSE APPELLANT SHOWED IN CLAIM NUMBER FOUR HE WAS DEPRIVED OF HIS 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY HIS COUNSELS [SIC] FAILURE TO ADEQUATELY VISIT APPELLANT AND PREPARE FOR TRIAL.

### ASSIGNMENT OF ERROR NO. 8

THE TRIAL COURT ERRED BY DENYING APPELLANTS [SIC] PCR PETITION ABSENT A HEARING BECAUSE APPELLANT SHOWED HE

WAS DEPRIVED OF HIS 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

## ASSIGNMENT OF ERROR NO. 9

THE TRIAL COURT ERRED BY DENYING APPELLANTS [PCR] PETITION ABSENT A HEARING BECAUSE APPELLANT SHOWED THAT HE WAS DEPRIVED OF HIS 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN CLAIM NUMBER SIX.

## ASSIGNMENT OF ERROR NO. 10

THE TRIAL COURT ERRED BY DENYING APPELLANTS [PCR] PETITION ABSENT A HEARING BECAUSE APPELLANT SHOWED THAT HIS 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS DEPRIVED IN CLAIM NUMBER SEVEN.

**{¶12}** As earlier discussed, Appellant has presented nothing more than a heading for these assignments.  He provides no facts, no law, and raises no arguments.  As we are thus unable to review these issues, Appellant's first, second, fourth, fifth, seventh, eighth, ninth, and tenth assignments of error are without merit and are overruled.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED BY DENYING APELLANTS [SIC] POST CONVICTION RELIEF PETITION ABSENT A HEARING BECAUSE APPELLANT SHOWED ADEQUATE EVIDENCE IN CLAIM NUMBER

ONE THAT HE WAS DEPRIVED OF HIS 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

<u>ASSIGNMENT OF ERROR NO. 6</u>

THE TRIAL COURT ERRED BY DENYING APELLANTS [SIC] PCR PETITION ABSENT A HEARING BECAUSE APPELLANT SHOWED THAT HE WAS DEPRIVED OF HIS 6TH AMENDMENT TO EFFECTIVE ASSISTANCE OF COUNSEL BY HIS COUNSELS [SIC] FAILURE TO INVESTIGATE THE CASE AND FILE A MOTION TO DISMISS THE INDICTMENT.

**{¶13}** Instead of addressing the errors alleged in these assignments, Appellant actually argues ineffective assistance of counsel. Regardless, "[t]he requirement that a post-conviction petition be filed timely is jurisdictional. *State v. Peyatt*, 7th Dist. Monroe No. 21 MO 0001, 2021-Ohio-3310, ¶ 12, citing R.C. 2953.23(A). Where a postconviction petition is untimely filed, a trial court lacks jurisdiction to hold a hearing. *Id.* at ¶ 15, citing R.C. 2953.21(F). Thus, Appellant's third and sixth assignments of error are without merit and are overruled.

Conclusion

**{¶14}** Appellant argues that he did not realize he was eligible to file a postconviction petition and so was unable to timely file his petition. Because timely filing is jurisdictional and Appellant acknowledges neither of the two exceptions apply, his arguments are without merit and the judgment of the trial court is affirmed.

<u>Case No. 22 MA 0110</u>

Robb, J. concurs.

D'Apolito, P.J., concurs.

_____

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**